J-S17036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANFORD ALLEN RUSSELL | |
| Appellant | No. 1551 WDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002015-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 13, 2015**

Appellant, Stanford Allen Russell, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial conviction for attempted rape by forcible compulsion, simple assault, and harassment (18 Pa.C.S.A. §§ 901(a) (3121(a)(1) related), 2701(a)(1), and 2709(a)(1), respectively).  We affirm.

The trial court's opinion fully and correctly sets forth the relevant facts and procedural history of this case.[1]  Therefore, we have no reason to

_____

[1] On page 4 of the trial court's opinion, the court cites to **Commonwealth v. Rhoades**, 510 A.2d 1217, 1225 (Pa. 1986).  Nevertheless, the correct spelling is **Commonwealth v. Rhodes**, 510 A.2d 1217, 1225 (Pa. 1986).

_____

*Former Justice specially assigned to the Superior Court.

J-S17036-15

restate them.[2]

Appellant raises the following issues for our review:

> DID THE COURT ERR IN FAILING TO GRANT [APPELLANT'S] MOTION FOR JUDGMENT OF ACQUITTAL AS TO THE BURGLARY AND ATTEMPTED RAPE?

_____

[2] As a general rule, this Court has jurisdiction only over final orders. **Commonwealth v. Rojas**, 874 A.2d 638 (Pa.Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). If a defendant in a criminal case files a timely post-sentence motion, the judgment of sentence does not become final for the purposes of an appeal until the trial court disposes of the motions or the motions are denied by operation of law. **Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa.Super. 1997). The denial of a timely post-sentence motion becomes the triggering event for filing a notice of appeal. Pa.R.Crim.P. 720(A)(2). Generally, where a defendant timely files a post-sentence motion, the court shall decide the motion within 120 days of the filing; otherwise, the motion shall be deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). When an appellant files a notice of appeal before the court has ruled on his post-sentence motions, the judgment of sentence has not become "final," and any purported appeal will be interlocutory and unreviewable. **Borrero, supra**. In those circumstances, the proper remedy is to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motions *nunc pro tunc*. **Id.** at 161. Nevertheless, if the court subsequently denies an appellant's post-sentence motions, "[this Court] will treat [an] appellant's premature notice of appeal as having been filed after entry of [an] order denying post-sentence motions." **See Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n. 4 (Pa.Super. 2011). Instantly, the court sentenced Appellant on August 12, 2014, and Appellant timely filed a post-sentence motion on August 15, 2014. On August 26, 2014, the court entered an order amending Appellant's judgment of sentence to reflect credit for time served. Thereafter, Appellant filed a notice of appeal on September 23, 2014, before the court ruled on his post-sentence motion. The court subsequently denied Appellant's post-sentence motion on October 1, 2014. Thus, we will relate Appellant's premature notice of appeal forward to October 1, 2014, to resolve any jurisdictional impediments. **See id.**

- 2 -

> DID THE COMMONWEALTH FAIL TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] ENTERED THE RESIDENCE WITH THE INTENT TO COMMIT A RAPE?
>
> DID THE COMMONWEALTH FAIL TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] TOOK A SUBSTANTIAL ATTEMPT TOWARD COMMITTING A RAPE?

(Appellant's Brief at 7).[3]

In reviewing a challenge to the sufficiency of the evidence, the standard we apply is as follows:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

_____

[3] Appellant explicitly withdraws his second issue on appeal in light of the jury's "not guilty" verdict for burglary. (Appellant's Brief at 7). Therefore, we will not address Appellant's second issue.

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steve P. Leskinen, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed November 20, 2014, at 3-5) (finding: **(1)** Victim testified Appellant exercised physical force in attempt to have sexual intercourse with Victim against her will; evidence of Appellant's use of physical force against Victim included photographs of scratches and bruises on Victim's body, and Sergeant Reese's testimony that he observed Victim's injuries; jury found photographs and Sergeant Reese's testimony were consistent with Victim's account of events; Appellant's comment to Victim that if she would just give Appellant sex he would not have to force himself on Victim was indicative of rape by forcible compulsion; court properly denied Appellant's motion for judgment of acquittal for attempted rape; **(3)** Appellant grabbed Victim, jumped on top of her, held her down, and attempted to remove bottom half of her clothing while demanding she have sex with him despite Victim's demand that Appellant stop and leave her residence immediately; Appellant's actions constituted substantial step toward committing rape by forcible compulsion; jury properly found Commonwealth sustained its burden of proof for attempted rape). The

record supports the trial court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | CRIMINAL DIVISION |
| v. | |
| **STANFORD ALLEN RUSSELL,** | No. 2015 of 2013 |
| Defendant. | |

# OPINION

*Meghann E. Mikluscak, Esq. Assistant District Attorney*
*Michael J. Garofalo, Esq. for the Defendant*

*LESKINEN, J.*

Before this Court is a "Concise Statement of Matters Complained of on Appeal" filed on behalf of Defendant Stanford Allen Russell (hereinafter "Defendant"). On April 8, 2014, a jury convicted Defendant of Attempted Rape by Forcible Compulsion and Simple Assault, and the undersigned convicted him of summary Harassment. On August 12, 2014, he was deemed a sexually violent predator by the Pennsylvania Sexual Offender's Assessment Board and was sentenced to seven (7) to fourteen (14) years of incarceration to run concurrent with Case Nos. 1756 of 2005 and 174 of 2014.

Defendant raises three (3) issues in his "Concise Statement":

> "**ISSUE NO. 1:** DID THE COURT ERR IN FAILING TO GRANT DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO THE BURGLARY AND ATTEMPTED RAPE?
>
> **ISSUE NO. 2:** DID THE COMMONWEALTH FAIL TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ENTERED THE RESIDENCE

1

UNINVITED WITH THE INTENT TO COMMIT A RAPE?

**ISSUE NO. 3:** DID THE COMMONWEALTH FAIL TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT TOOK A SUBSTANTIAL ATTEMPT TOWARDS COMMITTING A RAPE?"

For the reasons set forth below, the Court cannot agree with Defendant's arguments.

## BACKGROUND

During the evening hours of August 27, 2013, Defendant entered the residence of Franki Ross located at 1001 Sycamore Street, Connellsville, Fayette County, Pennsylvania. *N.T.*, April 7, 2014, p. 29. Defendant and Ms. Ross are former intimate partners, and Defendant fathered one of Ms. Ross's children. *Id.* at p. 44. On that particular evening, Ms. Ross stated that she did not invite Defendant into her home, and he had no reason to believe he was welcome into her home. *Id.* at pp. 30-31. When Defendant entered her bedroom, he "grabbed" and "hugged" Ms. Ross while she was in bed, and she demanded that he "get off" her and "get home" before he awakened her children. *Id.* Defendant left the bedroom but quickly returned. *Id.* According to Ms. Ross, Defendant "got in my bed on top of me, had his one hand around my throat, holding me on top of my bed, was trying to grab my shorts and pull them down." *Id.* at pp. 31-32. Ms. Ross "begged him to leave," and Defendant told her, "Bitch, if you would just give me pussy, this wouldn't happen." *Id.*

Ms. Ross stated that she feared for her life and sustained scratches and bruises, which were documented in photographs, during the approximately fifteen (15) minute altercation with Defendant. *Id.* Even though Ms. Ross did not contact police until the

2

evening of August 28, 2014, Sergeant Ryan Reese of the City of Connellsville Police Department was still able to observe the physical injuries on Ms. Ross's body and take a statement from her. *Id.* at pp. 60-61.

Defendant was charged with Burglary, Attempted Rape by Forcible Compulsion, Simple Assault, and summary Harassment. On December 16, 2013, the charges were bound over to the Court of Common Pleas by Magisterial District Judge Ronald J. Haggerty, Jr. On January 21, 2014, Defendant's Omnibus Pretrial Motion in the form of a Writ of Habeas Corpus was denied by the Honorable Gerald R. Solomon, Senior Judge.

Defendant's jury trial took place before this Court on April 7-8, 2014, and he was acquitted of the Burglary charge but convicted of the remaining charges. On August 12, 2014, Defendant was deemed a sexually violent predator by the Pennsylvania Sexual Offender's Assessment Board, and this Court subsequently sentenced him to seven (7) to fourteen (14) years of incarceration to run concurrent with Case Nos. 1756 of 2005 and 174 of 2014.

Defendant filed a timely Post-Sentence Motion on August 15, 2014, which this Court denied on October 1, 2014. This timely appeal followed.

## DISCUSSION

First, Defendant argues that the Court erred in denying his Motion for Judgment of Acquittal as to the Burglary and Attempted Rape. Since Defendant was ultimately acquitted of Burglary, the Court will only address the Attempted Rape charge.

3

In accordance with Pennsylvania law, a person commits Criminal Attempt when, "with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *See,* 18 Pa.C.S.A. § 901 (a).

For the purposes of this case, Rape is the specific crime in question, which is defined in relevant part as "engaging in sexual intercourse with a complainant by forcible compulsion." *See,* 18 Pa.C.S.A. § 3121 (a)(1). The Pennsylvania Supreme Court has defined "forcible compulsion" as follows:

> In common usage, therefore, the phrase "forcible compulsion" clearly connotes more than the exercise of sheer physical force or violence as the Superior Court has so limited section 3121(1) in this case and others. The phrase also connotes the act of using superior force—physical, moral psychological, or intellectual—to compel a person to do a thing against that person's volition and/or will.

*Commonwealth v. Rhoades,* 510 A.2d 1217, 1225 (Pa. 1986).

In the case *sub judice,* the victim, Ms. Ross, testified in great detail as to her ordeal with Defendant on the evening in question. She stated that he exercised physical force in an attempt to have sexual intercourse with her against her will. The result of that physical force was evidenced in the photographs of the scratches and bruises on Ms. Ross's body and Sgt. Reese's observations of them, which the jury properly found to be consistent with her account of the events that had occurred. Furthermore, Defendant's demand to Ms. Ross that if she would just give him sex, he would not have to force himself on her was also indicative of an Attempted Rape by Forcible Compulsion. It should be noted that Defendant was substantially larger in stature than Ms. Ross. For these reasons, the Court denied Defendant's Motion.

4

Next, Defendant argues that the Commonwealth did not prove beyond a reasonable doubt that Defendant entered Ms. Ross's residence uninvited with the intent to commit a rape therein. Again, the jury acquitted Defendant of Burglary, which is defined as in relevant part as follows: "[W]ith the intent to commit a crime therein, the person: enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." *See,* 18 Pa.C.S.A. § 3502 (a)(1). By acquitting him, it is evident that the jury did not believe the Commonwealth met its burden of proof with respect to that charge. Accordingly, this issue need not be further addressed by this Court.

Third and finally, Defendant claims that the Commonwealth failed to prove beyond a reasonable doubt that he took a substantial step toward committing the crime of Rape by Forcible Compulsion.

As stated by Ms. Ross, Defendant grabbed her, jumped on top of her, held her down, and attempted to remove the bottom half of her clothing while demanding that she have sex with him. During the entire incident, Ms. Ross demanded that he stop and leave her residence immediately. Those actions constituted a substantial step toward committing Rape by Forcible Compulsion; therefore, the jury properly found that the Commonwealth met its burden of proof.

## CONCLUSION

For the aforementioned reasons, this Court disagrees with Defendant's assertions that the denial of his Motion for Judgment of Acquittal was improper, and that

5

the Commonwealth failed to prove beyond a reasonable doubt that Defendant committed Attempted Rape by Forcible Compulsion.

BY THE COURT:

ATTEST:

_____ J.
STEVE P. LESKINEN, JUDGE

CLERK OF COURTS

FILED
2014 NOV 20 AM 8 34
JANICE SNYDER
FAYETTE COUNTY
CLERK OF COURTS

11/21/14  3:00
DIST/DATE

DEF_____
DA      2
PO      2
PD      1
WARD    1
SHER_____
CA      2
ATTY_____
CC_____
Fayette Co. Bar-R

6