**COMMONWEALTH of Pennsylvania,**

v.

**Jorge BORRERO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1997.
Filed April 1, 1997.

Michael E. Duda, Harrisburg, for appellant.

Eric R. Augustine, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, SAYLOR and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the judgment of sentence that was entered following appellant's conviction for aggravated assault.[1] Appellant presents the following issues for review: (1) whether the evidence is sufficient to sustain appellant's aggravated assault conviction; and (2) whether the verdict was contrary to the weight of the evidence. For the reasons set forth below, we quash this appeal and remand for further proceedings.

We begin our discussion with a brief recitation of the facts and procedural history giving rise to this appeal. During the late evening hours of October 23, 1995, the victim,

1.  18 Pa.C.S.A. § 2702(a)(1).

Everett McKinney, was standing outside a local convenience store talking with friends when he was approached by appellant, Jorge Borrero. When Mr. McKinney turned towards appellant, his friends left the area. According to the victim, he asked appellant why he had taken the victim's money a few days earlier. Appellant responded by pulling out a nickel-plated .25 semi-automatic handgun and pointing it at the victim's stomach. Appellant then told the victim to "give me your shit." The victim replied that he did not have anything. Frustrated, appellant aimed the weapon at the victim's legs and fired.[2]

The victim fortunately was not struck by the bullet and ran from the area to his parents' home where he told his parents of the shooting. The victim's parents immediately contacted the police. Appellant was thereafter arrested and charged with various offenses arising out of this incident.

A jury trial was held in May, 1996 following which appellant was convicted of aggravated assault, but adjudicated not guilty of the crime of robbery. Appellant was sentenced in August, 1996, to a term of five (5) to twenty (20) years imprisonment. Timely post-trial motions were filed. Appellant filed this appeal before his motions could be disposed of by the trial court or denied by operation of law.

■ As a preliminary matter, we must first ascertain whether the judgment of sentence is properly appealable, because the question of appealability implicates the jurisdiction of this court. *Motheral v. Burkhart,* 400 Pa.Super. 408, 414, 583 A.2d 1180, 1184 (1990) (*en banc*). *See also Commonwealth v. Rosario,* 419 Pa.Super. 481, 483–484, 615 A.2d 740, 741–742 (1992), *affirmed,* 538 Pa. 400, 648 A.2d 1172 (1994) and *Commonwealth v. Morgenthaler,* 320 Pa.Super. 120, 121–122, 466 A.2d 1091, 1092 (1983) (both of which proceeded to review the appealability of the order/judgment and treating this issue as a matter which affects this court's exercise of jurisdiction). Appellate jurisdiction cannot

be conferred by mere agreement or silence of the parties where it is otherwise nonexistent. *Commonwealth v. Morgenthaler,* 320 Pa.Super. at 122, 466 A.2d at 1092; *Commonwealth v. VanBuskirk,* 303 Pa.Super. 148, 149 n. 1, 449 A.2d 621, 622 n. 1 (1982). We may accordingly raise this issue *sua sponte,* even though neither of the parties have done so. *Commonwealth v. Morgenthaler,* 320 Pa.Super. at 121–122, 466 A.2d at 1092; *Commonwealth v. VanBuskirk,* 303 Pa.Super. at 149 n. 1, 449 A.2d at 622 n. 1.

■ The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. *Commonwealth v. Alvarado,* 437 Pa.Super. 518, 520, 650 A.2d 475, 476 (1994). Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is final and appealable depends upon whether a defendant files the now optional post-sentencing motions.

■ When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence. Pa. R.Crim.P., Rule 1410(A)(3), 42 Pa.C.S.A. and comments thereto; *Commonwealth v. Alvarado,* 437 Pa.Super. at 520, 650 A.2d at 476–477. If post-sentencing motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law. *Id.,* at Rule 1410(A)(2) and comments thereto; *Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 16, 658 A.2d 395, 397, *appeal quashed,* 543 Pa. 6, 669 A.2d 877 (1995).

---

**2.** Appellant did not dispute the fact that he and the victim were acquainted and that he spoke with the victim at the time of the incident. N.T. 5/14–16/96 at 102–103. However, he denied

possessing a handgun, demanding money from the victim or firing the gun at the victim. *Id.* at 103.

Moreover, the comments to Rule 1410 explicitly provide that "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Comments to Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. Application of these authorities convinces us that at the time appellant filed his notice of appeal, the judgment of sentence had not been made final via either the disposition of appellant's post-sentencing motions by the trial court or the entry of an order denying the motions by operation of law.

The certified record reflects that appellant was sentenced on August 28, 1996. He thereafter exercised his right to file post-trial motions on September 6, 1996, well within the ten (10) day period prescribed by Rule 1410(A)(1). Once the post-sentencing motion was timely filed, the trial court had one hundred twenty (120) days in which to decide the motion unless, for good cause shown, a thirty (30) day extension of time in which to decide the motion was granted. *See* Pa. R.Crim.P., Rule 1410(B)(3)(a) and (b), 42 Pa. C.S.A. If the motion was not decided within 120 days or within the 30–day extension period, it would have been deemed denied by operation of law. *Id.*

■ In this case, appellant prematurely filed his notice of appeal on September 25, 1996, well before the 120–day period expired. Although the 120–day period obviously has now expired, thus resulting in the denial of appellant's post-sentencing motions by operation of law, the judgment of sentence has not yet been finalized because an appropriate order has not been duly entered upon the docket. The entry of an appropriate order is a prerequisite to this court's exercise of jurisdiction. *Johnston the Florist, Inc. v. TEDCO Construction Corp.,* 441 Pa.Super. 281, 288, 657 A.2d 511, 514 (1995) (*en banc*). We thus cannot regard this appeal as having been filed within thirty days of the date on which the post-sentencing motions should have been denied by operation of law. *Cf.* Pa.R.A.P., Rule 905(a), 42 Pa.C.S.A. (providing that a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof). In view of the above circumstances, we conclude that the instant appeal is from an interlocutory judgment of sentence. Because we are precluded from exercising jurisdiction over appeals from nonfinal orders or judgments, we are compelled to quash this appeal.[3]

■ The fundamental purpose underlying the filing of post-sentencing motions is to provide the trial court with the first chance to correct any errors which might warrant an arrest of judgment or the grant of a new trial. In this case, the trial court has been deprived of this opportunity, albeit mistakenly, by virtue of appellant's premature appeal.[4] More importantly, one of the issues raised by appellant relates to the weight of the evidence. This court cannot entertain, in the first instance, a request for a new trial on grounds that the verdict was contrary to the weight of the evidence because our standard of review of such claims is limited to an

---

3. Although this court does have jurisdiction to consider appeals from collateral orders or certain classes of interlocutory orders which are appealable as of right, *see* Pa.R.A.P., Rules 311 and 313, 42 Pa.C.S.A., the judgment entered in this case is not appealable pursuant to either of these rules. Moreover, appellant has not sought permission to pursue an interlocutory appeal in accordance with Pa.R.A.P., Rules 312 and 1301–1323, 42 Pa.C.S.A. Nor is the judgment here appealable under any other rule or statute of which we are aware.

4. While the reasons underlying the trial court's failure to act on appellant's post-sentencing motions do not appear of record, the trial judge may have been reluctant to proceed based on a mistaken assumption that jurisdiction over this matter was divested by appellant's appeal. However-

er, the appeal did not divest the trial court of jurisdiction in this instance. As previously indicated, the comment to Rule 1410 explicitly prohibits the filing of an appeal while post-sentencing motions are pending. Comment to Pa. R.Crim.P., Rule 1410, 42 Pa.C.S.A., *supra.* The comment further provides that a judgment of sentence does not become final until post-sentencing motions are ruled upon by the trial court or are denied by operation of law. *Id.* Moreover, a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal. Pa.R.A.P., Rule 1701(b)(6), 42 Pa.C.S.A. Consequently, appellant's improper appeal did not divest the trial court of jurisdiction to decide appellant's post-sentencing motion or deny it by operation of law.

examination of the trial court's exercise of discretion in deciding whether to grant or deny a new trial on this basis. *Commonwealth v. Hodge,* 441 Pa.Super. 653, 659–660, 658 A.2d 386, 389 (1995). The interests of justice therefore require that the trial court consider appellant's post-sentencing motions on remand, *nunc pro tunc.*[5] *See, e.g., Commonwealth v. Widmer,* —— Pa. ——, ——– ——, 689 A.2d 211, 212–13 (reversing Superior Court's decision that defendant waived challenge to the weight of the evidence and remanding the case to the trial court to permit the defendant to file post-sentencing motions, *nunc pro tunc* ).

Appeal quashed as interlocutory. Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

5. In light of the procedural posture of this case and the time limits within which post-sentencing motions must be decided, appellant's post-sentencing motions shall be deemed filed *nunc pro tunc* on the date on which the certified record is remanded to the trial court. The 120–day period for disposing of appellant's post-sentencing motion shall thus begin to run anew when the motion is filed *nunc pro tunc, i.e.,* on the date on which the record is remanded.