J-S68021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JANET WEARY | |
| Appellant | No. 3489 EDA 2013 |

Appeal from the Judgment of Sentence May 25, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008915-2008

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:  **FILED FEBRUARY 03, 2015**

Appellant Janet Weary contends in this direct appeal that her aggregate sentence of 23-46 years' imprisonment for third degree murder and conspiracy to commit murder is excessive.  Appellant filed her appeal on June 22, 2012, while her post-sentence motions were pending, but the trial court did not deny these motions until December 11, 2014.  Therefore, we quash this appeal as premature.

Appellant and her brother, Rufus Weary, were charged as co-defendants with murder,[1] attempted murder,[2] conspiracy[3] and reckless

_____

[1]18 Pa. C.S. § 2502.

[2]18 Pa. C.S. § 903.

[3]18 Pa. C.S. § 907.

endangerment[4] in connection with the shooting death of David McCoy on November 1, 2007. While working as a drug dealer in the area of Harrison and Tackawana Streets in Philadelphia, Appellant told Rufus Weary, also a drug dealer, that a third drug dealer, Alan Reeder, was selling drugs at the same location. Appellant pointed out Reeder to Rufus Weary and McCoy. A gunfight ensued during which Rufus Weary shot and killed McCoy. The Commonwealth prosecuted Appellant and Rufus Weary for murder on a theory of transferred intent. N.T., 5/25/12, p. 12 (sentencing transcript).

The first trial of Appellant and Rufus Weary in July 2009 resulted in a mistrial.[5] Prior to retrial, on May 5, 2010, Appellant pled guilty to third degree murder and conspiracy and agreed to testify at retrial against Rufus Weary. N.T., 5/25/12, p. 4.[6] During jury selection in Rufus Weary's May 2012 retrial, Appellant filed a *pro se* motion for permission to withdraw her guilty plea. ***Id***., p. 12. The trial court denied the motion. ***Id***., p. 13. The Commonwealth called Appellant to testify as a witness at Rufus Weary's trial, but she did not testify consistent with the Commonwealth's expectations. ***Id***., pp. 12-15. Instead, she proclaimed her innocence and insisted that Rufus Weary did not shoot McCoy. ***Id***., pp. 13-14.

_____

[4] 18 Pa. C.S. § 2705.

[5] The certified record does not include the July 2009 trial transcript.

[6] The certified record does not include the May 5, 2010 guilty plea transcript.

On May 25, 2012, the trial court sentenced Appellant to consecutive sentences of 15-30 years' imprisonment for third degree murder and 8-16 years' imprisonment for conspiracy, an aggregate of 23-46 years' imprisonment. *Id*., pp. 17-18.

On June 22, 2012, Appellant filed a notice of appeal to this Court. She subsequently filed a Pa.R.A.P. 1925(b) statement objecting to (1) the trial court's refusal to permit her to withdraw her guilty plea prior to Rufus Weary's retrial[7] and (2) the length of her sentence. Appellant articulated the latter issue as follows:

> The trial court abused its discretion by imposing an aggregate sentence of 23 to 46 years on the charges of third degree murder and conspiracy to commit third degree murder in that the sentence was excessive and therefore unreasonable under the totality of the circumstances even though the sentences were within the guidelines range for each offense.

Brief For Appellant, p. 14.

The certified record left us uncertain whether Appellant filed post-sentence motions, an issue which left us doubtful as to whether her appeal was timely. Although the trial court stated in its Pa.R.A.P. 1925(a) opinion that trial counsel filed timely post-sentence motions on May 29, 2012,[8] there

---

[7] Appellant did not present any argument on this issue in her brief on appeal.

[8] Trial Court opinion, p. 3 n. 8.

were no post-sentence motions in the certified record or any order in the record deciding post-sentence motions. Nor did the trial court docket state that Appellant filed post-sentence motions or list any decision on the motions.

Accordingly, on December 5, 2014, we remanded this case to the trial court and directed the trial court to determine whether Appellant filed timely post-sentence motions. We instructed that if Appellant filed timely post-sentence motions, (1) the trial court should enter an order ("Order") which decides the motions and identifies their date of filing, and (2) the Clerk of Court should create a supplemental record containing the post-sentence motions and Order and then transmit a certified supplemental record to this Court.

On January 16, 2015, this Court received a supplemental certified record from the trial court which provides the following information. An order by the trial court dated December 10, 2014 and docketed on December 11, 2014 states that: (1) Appellant filed timely post-sentence motions on May 29, 2012, (2) the Clerk of Court inexplicably failed to docket these motions, and (3) the Clerk remedied its error with a docket entry dated December 8, 2014, which acknowledges that Appellant timely filed post-sentence motions on May 29, 2012. The same order states that Appellant's post-sentence motions are denied by operation of law, because the 120-day post-sentence motion review period expired in September 2012.

In response to the trial court's order, the Clerk of Court entered a *pro forma* order on December 11, 2014 which states that Appellant's post-sentence motions are denied and advises that Appellant "ha[s] the right to appeal to the appropriate appellate court within 30 days of the date of this Order."  The Clerk also prepared an undated, unaddressed letter to counsel for Appellant which purported to enclose the *pro forma* order denying post-sentence motions.

The docket entries included in the supplemental certified record do not include a docket entry for the Clerk's December 11, 2014 order.  Through our own review of the docket entries on-line, we found a docket entry dated December 11, 2014 which states "denied by operation of law" but does not provide the date of service of the order on Appellant or her counsel.

Pennsylvania Rule of Criminal Procedure 720 provides that except in circumstances not relevant here, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."  Pa.R.Crim.P. 720(A)(1).  Rule 720 continues:

> If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:
>
>> (a) within 30 days of the entry of the order deciding the motion;
>>
>> (b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

> (c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2). When the defendant files timely post-sentence motions, her judgment of sentence does not become final for purposes of appeal until entry of an order under Rule 720(A)(2)(a), (b) or (c). Comment, Pa.R.Crim.P. 720. The entry of an appropriate order is a prerequisite to this Court's exercise of jurisdiction. ***Commonwealth v. Borrero***, 692 A.2d 158, 160 (Pa.Super.1997). The parties cannot confer appellate jurisdiction by mere agreement or silence where it is otherwise nonexistent. ***Id***., 692 A.2d at 159. We may raise the question of jurisdiction *sua sponte,* even though neither of the parties have done so. ***Id***.

Here, the trial court imposed sentence on May 25, 2012, and Appellant filed timely post-sentence motions on May 29, 2012. On June 23, 2012, Appellant filed a notice of appeal to this Court. This appeal obviously was premature, because the trial court did not dispose of Appellant's post-sentence motions until the Clerk entered an order on December 11, 2014 denying her motions by operation of law. Accordingly, we quash this appeal as premature. ***Borrero***, ***supra*** (appeal filed within 120-day period following defendant's filing of post-sentence motions but before ruling on motions by trial court must be quashed as premature).

Appeal quashed.

J-S68021-14

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015

---

[9] To avoid further confusion, we note that the time period for Appellant's direct appeal has not begun, because the Clerk of Court failed to note on the docket that it served Appellant or her counsel with the December 11, 2014 order denying post-sentence motions.  The Rules of Appellate Procedure provide in relevant part: "[I]n computing any period of time under these rules involving the date of entry of an order by a court. . .the day of entry shall be the day the clerk of the court. . .mails or delivers copies of the order to the parties."  Pa.R.A.P. 108(a)(1).  Furthermore, the Rules of Criminal Procedure provide in relevant part that docket entries shall include the "date of service of [any] order or court notice."  Pa.R.Crim.P. 114(C)(2)(c).  Read together, these rules prescribe that in a criminal case, the time for appeal from an order disposing of post-sentence motions does not begin running until the date the Clerk of Court dockets both the order *and* the date of service of the order.

In this case, the Clerk docketed the order disposing of Appellant's post-sentence motions but not the date of service of the order.  Moreover, Clerk's letter to Appellant's counsel which purports to enclose the order is undated and unaddressed.  These facts leave the impression that as of this date, the Clerk has not actually served the order on Appellant or her counsel.  Upon remand of the record, we instruct the Clerk to serve the order upon Appellant and her counsel with a cover letter that bears a date certain and the pertinent addresses.  We further direct the Clerk to note the date of service of the order on the docket in accordance with Pa.R.Crim.P.
*(Footnote Continued Next Page)*

*(Footnote Continued)* ————————————

114(C)(2)(c).    The  time  period  for  Appellant's  direct  appeal  will  begin running on the date the Clerk complies with these directives.