J-S51006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MADELINE GUGLIELMO | |
| Appellant | No. 2 EDA 2014 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005109-2013;
CP-23-CR-0005484-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 25, 2015**

Appellant, Madeline Guglielmo, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following her open guilty pleas to various thefts and related offenses.  On October 29, 2013, Appellant entered an open guilty plea at docket number CP-23-CR-0005109-2013 ("docket 5109") to theft by deception, criminal use of a communication facility, and access device fraud, in connection with her theft of more than $100,000.00 from a family friend, under the false pretense that Appellant needed the money to pay medical bills for her ill husband.  Appellant also entered an open guilty plea that day at docket number CP-23-CR-0005484-2013 ("docket 5484") to theft by deception, in connection with Appellant's failure to remit payment to a cemetery for her mother's burial.  On

_____

*Retired Senior Judge assigned to the Superior Court.

November 19, 2013, the court sentenced Appellant at docket 5109 to 2-4 years' imprisonment for theft; a consecutive 1-2 years' imprisonment, plus 3 years' probation for criminal use of a communication facility; and a consecutive 1-2 years' imprisonment, plus 2 years' probation for access device fraud. At docket 5484, the court sentenced Appellant to 1-2 years' imprisonment, concurrent to the sentence at docket 5109, for an aggregate sentence at dockets 5109 and 5484 of 4-8 years' imprisonment, plus 5 years' probation. On November 26, 2013, Appellant timely filed a *pro se* post-sentence motion.[1] Before the court had an opportunity to rule on the motion, Appellant filed a *pro se* notice of appeal on December 16, 2013.[2] On February 12, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement. Appellate counsel filed a Pa.R.A.P. 1925(c)(4) statement in response.

Generally, this Court has jurisdiction only over final orders. ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa.Super. 1997). In criminal cases, a direct appeal properly lies from the entry of a final judgment of sentence. ***Id.*** When post-sentence motions are timely filed,

---

[1] The record suggests Appellant was represented by counsel at this time, so the court should have forwarded the motion to counsel. ***See*** Pa.R.Crim.P. 576(A)(4) (stating that where defendant is represented by counsel, if defendant submits for filing any written motion not signed by defendant's attorney, clerk of courts shall, *inter alia*, forward copy of document to defense counsel and Commonwealth within 10 days).

[2] Counsel filed a separate notice of appeal on December 18, 2013.

the judgment of sentence is not final for appeal purposes until the trial court disposes of the motions or the motions are denied by operation of law. *Id.*; Pa.R.Crim.P. 720(A)(2), *Comment* (stating defendant cannot take direct appeal while timely post-sentence motion is pending). When an appellant files a notice of appeal before the court has ruled on her timely post-sentence motions, the judgment of sentence is not "final" and the purported appeal is interlocutory and unreviewable. *Borrero, supra* at 160. In those circumstances, we must quash the appeal, relinquish jurisdiction, and remand for consideration of the post-sentence motions *nunc pro tunc*. *Id.* at 161. Instantly, Appellant filed a notice of appeal while her timely post-sentence motion was still pending. Absent an order disposing of the motion, this appeal is interlocutory. *See id.* Accordingly, we quash the appeal and remand for the court to: (1) forward the *pro se* post-sentence motion to counsel; (2) allow counsel an opportunity to file an amended post-sentence motion; and (3) rule on the amended post-sentence motion.[3]

Appeal quashed; case remanded for further proceedings. Petition to withdraw is denied. Jurisdiction is relinquished.

_____

[3] Counsel has filed a petition to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based on our disposition, we deny counsel's request.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2015</u>