J-S22011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIMBERLY SUE HEVERLY | |
| Appellant | No. 48 MDA 2015 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000011-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIMBERLY SUE HEVERLY | |
| Appellant | No. 49 MDA 2015 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001319-2014

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 11, 2016**

In this consolidated appeal, Appellant, Kimberly Sue Heverly, purports

to appeal from the aggregate judgment of sentence of three and a half to

---

[*] Retired Senior Judge assigned to the Superior Court.

seven years' incarceration, imposed on November 14, 2014, after a jury convicted her of six counts of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance.[1]  Upon review of the record, which reveals a novel procedural conundrum, we quash and remand the case for further proceedings.

The trial court recounted part of the procedural posture of this case as follows.

> On March 13, 2013, [Appellant] was charged with four counts of Manufacture, Deliver, or Possession with Intent to Manufacture or Deliver a Controlled Substance [Suboxone], 35 Pa.C.S.A. § 780-113(a)(30), as a result of incidents alleged to have occurred between 8:00 p.m. on March 13, 2013 and 12:00 a.m. on March 14, 2013.  A preliminary hearing was held on January 2, 2014, and [Appellant] was bound over to this Court on all charges.  On January 24, 2014, a Criminal Information was filed at No. CP-14-0011-2014 for these charges.  On July 11, 2014, an additional Criminal Complaint was filed charging [Appellant] with two counts of Manufacture, Deliver, or Possession with Intent to Manufacture or Deliver a Controlled Substance [Xanax], as a result of a related incident.  A preliminary hearing was held on July 23, 2014, and [Appellant] was bound over to this Court on all charges.  On July 29, 2014, a Criminal Information was filed at No. CP-14-1319-2014 for these charges.  The Criminal Informations were consolidated on July 29, 2014.
>
> On September 15, 2014, a jury trial was held and [Appellant] was found guilty on all charges. The verdict slip included an averment that the deliveries

_____

[1] 35 P.S. § 780-113(a)(30).

occurred within 1,000 feet of a school. The jury found this fact beyond a reasonable doubt for all of the deliveries. On November 4, 2014, the Commonwealth filed a Notice that it intended to seek mandatory minimum 2 – 4 years' incarceration under 18 Pa.C.S.A. § 6317 for each count. [Appellant] was sentenced on November 14, 2014 to an aggregate sentence of not less than 3½ nor more than 7 years, but the Court did not apply the mandatory minimum 2 – 4 years' incarceration under 18 Pa.C.S.A. § 6317.

[Appellant] timely filed her Post-Sentence Motion, asking this Court to grant her a new trial. In particular, [Appellant] ask[ed] the Court to amend her sentences to provide for RRRI minimum sentences or State Motivational Boot Camp eligibility; to merge Count 1 into Count 2 of Criminal Information No. CP-14-CR-1319-2014 for sentencing purposes; and to conform to standard range sentencing guidelines. [Appellant] also allege[d] that the Court erred in denying [Appellant's] Motions in Limine relating to the death of Devin Stacy and the testimony of Jennifer Nichole Smith. At the hearing held December 16, 2014, [Appellant] withdrew her Motion asking the Court to amend her sentencing structure to conform to standard range sentencing guidelines. Additionally, at the hearing, [Appellant] asked that if the Court d[id not] grant her a new trial, then alternatively she ask[ed] for the Court to deny the Commonwealth's Post-Sentence Motion; allow her RRRI; make her Boot Camp eligible; and merge Count 1 into Count 2 of Criminal Information No. CP-14-CR-1319-2014 for sentencing purposes.

The Commonwealth timely filed its Post-Sentence Motion, asking the Court to resentence [Appellant] to apply the mandatory minimum 2 – 4 years' incarceration under 18 Pa.C.S.A. § 6317 for each count and to reflect the gravity of her crimes and the aggravating factors relied on by the Commonwealth.

Trial Court Opinion and Order, 12/19/14, at 1-2.

Following the hearing, the trial court entered an order on December 19, 2014 granting Appellant's request, at CP-14-CR-1319-14, to merge Count 1 into Count 2; the trial court otherwise denied the post-sentence motions of Appellant and the Commonwealth. Notably, the November 14, 2014 sentencing orders at CP-14-CR-1319-14 had provided that Appellant be sentenced at Count 1 to one to two years' imprisonment, and at Count 2 to fifteen to thirty months' imprisonment, with Count 2 to run consecutively to Count 1. Significantly, the trial court's December 19, 2014 order does not explain how its merger of Count 1 into Count 2 impacted the overall sentencing scheme, and the trial court did not vacate the November 14, 2014 judgment of sentence or enter an amended sentencing order.

Moreover, and equally concerning, the December 19, 2014 order provided that the trial court would "schedule a hearing to resentence [Appellant], at which time the Court will reconsider [Appellant's] eligibility for RRRI and Boot Camp, as well as the aggravating factors relied on by the Commonwealth." *Id.* at 5.

On January 2, 2015, Appellant filed these appeals, which were consolidated *sua sponte* on January 23, 2015. On January 16, 2015, the Commonwealth filed appeals with the Supreme Court,[2] which were

_____

[2] The Commonwealth advanced a jurisdictional argument pursuant to Pennsylvania Rules of Appellate Procedure 909 and 910, and the then-pending decision in ***Commonwealth v. Hopkins*** before our Supreme Court. *(Footnote Continued Next Page)*

- 4 -

transferred to this Court, and consolidated on September 1, 2015. At the Commonwealth's request, we discontinued its consolidated appeals on September 18, 2015.

With regard to Appellant, the record indicates that the trial court twice directed her to file a concise statement consistent with Pennsylvania Rule of Appellate Procedure 1925(b): on January 9, 2015, and again on January 21, 2015. Appellant complied on January 21, 2015. On January 30, 2015, the trial court entered an order stating that it "vacates its Concise Statement Order entered January 21, 2015." Order, 1/30/15. Although the trial court issued an Opinion in Response to Matters Complained of on Appeal on February 23, 2015, the one and one-half page filing addressed only the issues raised by the Commonwealth in its appeal which was discontinued with this Court on September 18, 2015.

On appeal, Appellant presents three issues for our review as follows.

> A. Did the Trial court err in denying [Appellant's] Motion in Limine with respect to the death of Devin Stacey, in that she was not charged with the crime of Drug Delivery Resulting in Death, 18 Pa.C.S.A. § 2506, and in that the testimony and evidence of the death of Devin Stacey was irrelevant, not legally probative of any of the issues decided by the Jury, and extremely prejudicial and unduly inflammatory?

*(Footnote Continued)* ────────────

The Supreme Court subsequently decided **Hopkins** on June 15, 2015, and thereafter the Commonwealth filed an application to discontinue its appeals based on the **Hopkins** decision. **See Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding 18 Pa.C.S.A. § 6317 unconstitutional).

B. Did the Trial Court err in denying [Appellant's] Motion in Limine with respect to the testimony of Jennifer Nichole Smith, in that her testimony and evidence of [Appellant's] prior purported use and/or purchase of Klonopin and/or Xanax was irrelevant, not legally probative of any of the issues decided by the Jury, and extremely prejudicial and unduly inflammatory?

C. Did the Sentencing Court impose illegal sentences by Ordering that [Appellant] was not eligible for R.R.R.I. minimum sentences?

Appellant's Brief at 14-15.

Before reaching Appellant's issues, we note that on September 1, 2015, this Court issued an order directing Appellant to show cause why her appeal should not be quashed as being taken from an unappealable order, because "it appears post-sentence motions remain pending below in relation to RRRI and Boot Camp determinations." *Commonwealth v. Heverly*, Per Curiam Order, 9/1/15. We further recognize that the merger ordered in the trial court's December 19, 2014 order appears implicitly to disrupt the judgment of sentence imposed on November 14, 2014, although that judgment of sentence was never vacated or amended.

On September 9, 2015, Appellant responded that "because the Sentencing Court never vacated the judgments of sentence imposed on November 14, 2014, Appellant [] believes and avers that her appeal to [the Superior] Court was properly filed and should not be quashed." Appellant's Response to Court's Order Filed on September 1, 2015, 9/9/15, at 3. On September 18, 2015, this Court discharged its show-cause order, stating

"[t]he Court will take no action at this time but will refer the issue to the merits panel to be assigned to this case."[3]   Order, 9/18/15.  Upon careful review of the unusual procedural posture of this case, we are constrained to find that Appellant's appeal is premature.

We may raise the issue of jurisdiction *sua sponte*, even when neither of the parties has done so.   ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997) (citation omitted).  Although in ***Borrero*** the appellant improperly appealed prior to the disposition of his post-sentence motion, we similarly find that, given the unique circumstances of this case with the trial court's merger determination and stated intent to convene a resentencing hearing, "the instant appeal is from an interlocutory judgment of sentence." ***Id.*** at 160.

Pennsylvania Rule of Appellate Procedure 341 provides in pertinent part as follows.

> **Rule 341. Final Orders; Generally**
>
> **(a) General rule.** … [A]n appeal may be taken as of right from any final order of an administrative agency or lower court.

_____

[3]  Neither party, in their respective briefs, has addressed this Court's jurisdiction relative to the judgment of sentence and the trial court's subsequent post-sentence order finding merger and indicating the intention to resentence.  Likewise, the trial court in its one and one-half page Opinion in Response to Matters Complained of on Appeal, issued February 23, 2015 in response to the Commonwealth's now discontinued appeal, does not discuss the procedural quagmire presented to this Court.

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) The trial court or other governmental unit is required to act on an application for a determination of finality under subdivision (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

(2) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Rule 903(c). Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15.

(3) Unless the trial court or other governmental unit acts on the application within 30 days of entry of the order, the trial court or other governmental unit shall no longer consider the application and it shall be deemed denied.

> (4) The time for filing a petition for review will begin to run from the date of entry of the order denying the application for a determination of finality or, if the application is deemed denied, from the 31st day. A petition for review may be filed within 30 days of the entry of the order denying the application or within 30 days of the deemed denial unless a shorter time period is provided by Rule 1512(b).

Pa.R.A.P. 341.

Instantly, we have a situation where, although a judgment of sentence has been entered and the trial court has disposed of the parties' post-sentence motions in its December 19, 2014 order, that order does not "dispose of all claims," such that the *de facto* result is an interlocutory judgment of sentence.

In sum, we are presented with a convoluted morass, where Appellant's November 14, 2014 sentence is compromised by the trial court's December 19, 2014 order merging Count 1 with Count 2 at CP-14-CR-1319-14, and expressing the trial court's intent to "resentence [Appellant], at which time the Court will reconsider [Appellant's] eligibility for RRRI and Boot Camp, as well as the aggravating factors relied on by the Commonwealth." Trial Court Opinion and Order, 12/19/14, at 5. Because there is no final judgment of sentence for this Court to review, we lack jurisdiction, and are constrained to quash the appeal as interlocutory. ***Borrero, supra***.

Based on the foregoing unique circumstances, we remand this case to the trial court to convene the intended hearing to resentence Appellant, and

to clarify such sentence in light of the trial court's post-sentence merger determination.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2016