J-S80039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLIEFF BROWN, | : | |
| | : | |
| Appellant | : | No. 3398 EDA 2016 |

Appeal from the Judgment of Sentence September 23, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001530-2008

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 27, 2018**

Kylieff Brown ("Brown") appeals from the judgment of sentence imposed following the revocation of his probation.  We quash the appeal and remand for further proceedings.

On May 29, 2012, Brown entered a negotiated guilty plea, at CP-51-CR-0010456-2009 ("No. 10456-2009"), to robbery and criminal conspiracy,[1] and at CP-51-CR-0001530-2008 ("No. 1530-2008"), to possession with intent to deliver a controlled substance ("PWID")[2] and criminal conspiracy. Pursuant to the plea agreement, the trial court sentenced Brown, at No. 10456-2009, to two concurrent terms of 2 to 5 years in prison, and at No.

_____

[1] 18 Pa.C.S.A. §§ 3701, 903.

[2] 35 P.S. § 780-113(a)(30).

1530-2008, to two concurrent terms of 3 years of probation, to be served consecutive to the sentence imposed at No. 10456-2009.

In December 2013, while serving parole at No. 10456-2009, Brown was arrested and charged with various offenses. Following a jury trial, Brown was convicted of PWID. On September 9, 2016, the trial court sentenced Brown to a term of 40 to 80 months in prison for his new PWID conviction.

The trial court conducted a **Gagnon II**[3] hearing on September 23, 2016, during which Brown was found to be in violation of his probation at No. 1530-2008. As a result of the violation, the trial court revoked Brown's probation, and sentenced him, at No. 1530-2008, to two consecutive terms of 2 to 4 years in prison, to be served consecutive to the sentence imposed for his 2016 conviction.

On September 28, 2016, Brown filed a *pro se* Notice of Appeal. Brown, through counsel, filed a timely Motion to Reconsider Sentence. On October 24, 2016, Brown filed a counseled Notice of Appeal.[4] The trial court subsequently ordered Brown to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Brown timely complied.

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] On November 21, 2016, this Court issued an Order, dismissing Brown's first, *pro se* Notice of Appeal.

As a preliminary matter, we must examine this Court's jurisdiction. In criminal cases, a direct appeal properly lies from the entry of a final judgment of sentence. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). When a post-sentence motion has not been filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review, and any appeal therefrom must be filed within thirty days of the imposition of sentence. Pa.R.A.P. 903(c)(3); Pa.R.Crim.P. 720(A)(3). "If post-sentenc[e] motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law." *Borrero*, 692 A.2d at 159; *see also* Pa.R.Crim.P. 720, cmt. (stating that "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending."). A post-sentence motion is denied by operation of law if the trial court fails to decide the motion within 120 days. Pa.R.Crim.P. 720(B)(3)(a).

Here, Brown prematurely filed his Notice of Appeal on October 24, 2016, well before the 120-day time period expired. Thus, at the time Brown filed his Notice of Appeal, his judgment of sentence had not been made final either by the disposition of his Motion to Reconsider Sentence by the trial court, or the entry of an order denying the Motion by operation of law. Accordingly, Brown improperly lodged this appeal while his post-sentence Motion was pending. *See Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa. Super. 2013) (concluding that appellant's notice of appeal was

prematurely filed where his post-sentence motions were still pending); **see also** Pa.R.Crim.P. 720, cmt.

Furthermore, although the 120-day period has now expired, thereby resulting in the denial of Brown's Motion to Reconsider Sentence by operation of law, the judgment of sentence has not yet been finalized because an appropriate order has not been entered upon the trial court docket. **See Borrero**, 692 A.2d at 160; **see also** Pa.R.Crim.P. 720(B)(3)(c) (providing that when a post-sentence motion is denied by operation of law, the clerk of courts must enter an order on the docket). Thus, absent an order disposing of the Motion, or any indication that the Motion has been withdrawn, we conclude that Brown's appeal is interlocutory, and we lack jurisdiction to entertain it. **See Borrero**, 692 A.2d at 160. Accordingly, we are compelled to quash the appeal and remand for the trial court to consider Brown's post-sentence Motion to Reconsider Sentence, *nunc pro tunc*. **See id.** at 161.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18