J-S29008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH JOHN SHAFFER, | |
| Appellant | No. 3588 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 6, 2015
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000042-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 26, 2019**

Appellant, Kenneth John Shaffer, *pro se*, appeals *nunc pro tunc* from the judgment of sentence imposed on July 6, 2015, following his guilty plea to various offenses including rape of a child and involuntary deviate sexual intercourse.  After careful review, we are compelled to quash this appeal.

We need not detail the facts underlying Appellant's convictions, nor discuss at length the tortured procedural history of this case.[1]  We only note that Appellant was sentenced to an aggregate term of 16 to 45 years' imprisonment on July 6, 2015.  That judgment of sentence became final on August 17, 2017, when this Court quashed his direct appeal due to his

_____

[1] For a recitation of that procedural history, **see Commonwealth v. Shaffer, Sr.**, No. 3446 EDA 2016, unpublished memorandum at 1-6 (Pa. Super. filed July 17, 2017).

counsel's failure to file the appeal in a timely fashion. ***See Shaffer, Sr.***, No. 3446 EDA 2016, unpublished memorandum at 6.

On November 27, 2017, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his post-sentence motion and direct appeal rights from the judgment of sentence imposed on July 6, 2015. The court initially appointed counsel, but it later granted Appellant's request to proceed *pro se*. On July 25, 2018, the court entered an order granting Appellant's PCRA petition and restoring his right to file post-sentence motions and a direct appeal *nunc pro tunc*.

On July 30, 2018, Appellant filed a timely, *pro se* post-sentence motion. After 122 days passed without a ruling on that motion, Appellant filed a *pro se* praecipe asking the Wayne County Clerk of Courts to issue an order denying the post-sentence motion by operation of law. ***See*** Praecipe, 11/29/18; ***see also*** Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of that order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied."). Unexplainably, the clerk of courts took no action on Appellant's praecipe and did not enter the required order denying his post-sentence motion. Consequently, on December 10, 2018, Appellant filed a second, *pro*

*se* petition asking the clerk of courts to enter the appropriate order. Again, no action was taken.

On December 14, 2018, Appellant filed a *pro se* notice of appeal. Despite not being ordered to do so by the court, he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on January 17, 2019. On February 21, 2019, the trial court filed a Rule 1925(a) opinion, concluding that Appellant's appeal is interlocutory because the clerk of courts had improperly failed to enter an order denying his post-sentence motion by operation of law. **See** Trial Court Opinion (TCO), 2/21/19, at 1-2. The Commonwealth agrees with the court's position in its appellate brief. **See** Commonwealth's Brief at 5. Appellant does not address this issue in his brief to this Court. Instead, he raises four issues challenging the sentence imposed by the court. **See** Appellant's Brief at 10.

Before we can address Appellant's claims, we must determine if we have jurisdiction to consider his appeal. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) ("[T]he question of appealability implicates the jurisdiction of this court."). In **Borrero**, the appellant filed a timely post-sentence motion, but no order disposing of that motion was entered before he filed his notice of appeal. **See id.** at 160. In concluding that we lacked jurisdiction to address the appeal, we stressed that "[t]he entry of an appropriate order is a prerequisite to this [C]ourt's exercise of jurisdiction." **Id.** We explained:

The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.[] § 742. In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is final and appealable depends upon whether a defendant files the now optional post-sentencing motions.

When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence. Pa.R.Crim.P. [720(A)(3).[2]] **If post-sentencing motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law.** [*See* Pa.R.Crim.P. 720(A)(2),] and comments thereto[.] Moreover, the comments to Rule [720] explicitly provide that "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Comments to Pa.R.Crim.P. [720.]

*Id.* at 159-60 (emphasis added). Based on this reasoning, we determined that we were compelled to quash the appellant's appeal. *Id.* at 160.

We must do the same in the present case. Appellant filed his notice of appeal before an order was entered disposing of his post-sentence motion. Therefore, his judgment of sentence is not final, and we lack jurisdiction to consider this appeal.[3] Therefore, we quash Appellant's appeal, and remand

---

[2] The **Borrero** Court referred to Pa.R.Crim.P. 1410, the former version of Rule 720.

[3] As we recognized in **Borerro**,

- 4 -

his case to the trial court. As we did in **Borrero**, we direct that Appellant's post-sentence motion shall be deemed filed *nunc pro tunc* on the date on which the certified record is remanded to the trial court. **Id.** at 161 n.5. Thus, the 120-day period for disposing of his post-sentence motion will begin to run anew on the date on which the record is remanded. **Id.** The trial court shall enter an order disposing of the motion within that 120 days (preferably forthwith), from which Appellant may then timely file a new notice of appeal. **See** Pa.R.Crim.P. 720(B)(3)(a). If the court fails to do so, the Clerk of Courts of Wayne County shall forthwith enter an order deeming the motion denied by operation of law, and Appellant may timely appeal. **See** Pa.R.Crim.P. 720(B)(3)(c).

Appeal quashed. Case remanded for further proceedings consistent with this memorandum.

---

[a]lthough this [C]ourt does have jurisdiction to consider appeals from collateral orders or certain classes of interlocutory orders which are appealable as of right, **see** Pa.R.A.P.[] … 311 and 313, … the judgment entered in this case is not appealable pursuant to either of these rules. Moreover, [the] appellant has not sought permission to pursue an interlocutory appeal in accordance with Pa.R.A.P.[] … 312 and 1301-1323…. Nor is the judgment here appealable under any other rule or statute of which we are aware.

**Borrero**, 692 A.2d at 160.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/19