J-S29011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELINA E. PROPER | : | |
| | : | |
| Appellant | : | No. 1289 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 28, 2021
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000495-2020

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: OCTOBER 25, 2022**

Selina E. Proper appeals from the judgment of sentence ordering her to pay a fine, costs of prosecution, and restitution in the amount of $1,248.88 after she pleaded guilty to disorderly conduct. Proper filed an untimely post-sentence motion challenging the legality of the imposition of restitution, along with a motion to allow her to file the post-sentence motion *nunc pro tunc*. Following a hearing on those motions, the trial court entered an order directing the Commonwealth to provide documentation and argument relevant to the restitution within ten days so that the court could rule on the post-sentence motion. Before those ten days elapsed, and while the motion was still pending, Proper filed a notice of appeal to this Court. Given this procedural landscape,

_____

[*] Retired Senior Judge assigned to the Superior Court.

we find Proper's judgment of sentence was not yet final at the time she filed her notice of appeal, and her appeal is therefore interlocutory. Accordingly, we quash the appeal. We also direct the trial court to allow the Commonwealth the opportunity to comply with the trial court's order directing the Commonwealth to provide documentation and argument on the restitution issue, and for the trial court to then rule on Proper's post-sentence motion.

Proper was charged with, *inter alia*, public drunkenness, **see** 18 Pa. C.S.A. § 5505, and disorderly conduct for engaging in fighting, **see** 18 Pa. C.S.A. § 5503(a)(1), after she reportedly hit her neighbor in the head with a baseball bat during an altercation. Ultimately, Proper agreed to plead guilty to the disorderly conduct charge. The plea agreement called for a sentence of fines and costs.

The trial court held a sentencing hearing on September 28, 2021. At the hearing, the Commonwealth announced that the sentence to be imposed involved prosecution costs, a fine, as well as restitution to the victim in the amount of $1,248.88. The Commonwealth did not provide any documentation substantiating this figure, but represented that the restitution amount included restitution for the victim's relocation costs. Proper objected to the imposition of the restitution because it was the first she had heard of it. However, she agreed with the court that she could follow up her objection by requesting a restitution hearing. The court then sentenced Proper to the costs of prosecution, a $250 fine, and restitution in the amount of $1,248.88.

On October 13, 2021, more than ten days after her sentencing on September 28, 2021, Proper filed an untimely "post-sentence motion to correct non-waivable illegal sentence." *See* Pa.R.Crim.P. 720 (A)(1) (providing that a defendant must file a post-sentence motion within ten days of the imposition of sentence in order for the motion to be timely).

In the motion, Proper challenged the legality of the restitution portion of her sentence. Proper noted that a sentencing court must order restitution as part of a direct sentence for a crime only where property has been stolen or where the "victim … suffered personal injury directly resulting from the crime." 18 Pa. C.S.A. § 1106(a). According to Proper, Section 1106(a) was inapplicable to her case as she did not plead guilty to a property crime or to causing personal injury. Instead, Proper maintained in the motion, she only pleaded guilty to disorderly conduct and did not admit she was criminally responsible for any injury sustained by the victim. Proper further maintained that in order for the court to sentence her to pay restitution, the Commonwealth was required to, but had not, shown a direct causal connection between the disorderly conduct and the victim's relocation.

In the same motion, Proper requested that the court allow her to file the post-sentence motion *nunc pro tunc*. To that end, Proper alleged a breakdown in the judicial process had prevented her from filing the motion within ten days of the imposition of her sentence.

The court held a hearing on the motions on October 25, 2021. At the hearing, the Commonwealth reported that the $1,248.88 restitution amount also included $248.88 in lost wages, in addition to the relocation costs. Proper's argument at the hearing focused on the relocation costs. She asserted that she had illegally been sentenced to pay restitution for the relocation costs because the relocation was not directly related to the disorderly conduct charge to which she pleaded guilty. Moreover, Proper asserted that she had not heard any facts or evidence regarding the restitution amounts or the relocation of the victim, claiming that "just because the Commonwealth says it doesn't make it so." N.T, 10/25/21, at 6. The Commonwealth was not entirely clear whether, or to where, the victim had moved. *See id.* at 6-8. The court stated that it "want[ed] proof of the moving, plus all expenses; and it [also] want[ed] it provided to [Proper]." *Id.* at 8.

Proper asked about the timing for filing an appeal, and the court replied:

If you need to file an appeal, go file your appeal, because I want proof that they provided you documentation as to the restitution. I'm not going to make a decision until I find out that's been done. And then I'm going to have [the Commonwealth] say how it relates to – what the nexus is from the offense to the award of restitution, and they shall do that within 10 days.

*Id.* at 9-10. When asked by Proper whether the ten days tolled her deadline to file an appeal, the court reiterated Proper had three days, or until October 28, 2021, to file an appeal. *See id.* at 10. The trial court then filed an order mirroring its instruction to the Commonwealth to provide a "correlation between the award of restitution amounts" within ten days and advising the

parties it would issue an order on Proper's post-sentence motion thereafter. Trial Court Order, 11/1/21 (single page).

Two days after the hearing, on October 27, 2021, Proper filed a notice of appeal to this Court. Proper complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. In response, the trial court issued its Pa.R.A.P. 1925(a) opinion. In the opinion, the court found that: restitution had been mandated by 18 Pa.C.S.A. § 1106; Proper's filing of her notice of appeal rendered the court unable to rule on Proper's post-sentence motion pursuant to Pa.R.A.P. 1701(a); the court properly ordered restitution for the victim's lost wages as there was a direct, causal correlation between the lost wages and the disorderly conduct conviction; and finally, the court improperly awarded restitution for the victim's relocation costs as there was no direct, causal correlation between the relocation and the disorderly conduct conviction. The court therefore stated it "believe[d] the appropriate resolution of [Proper's] claims is [to] remand to allow this Court to rule on [Proper's] outstanding Post Sentence Motion and amend the restitution." Trial Court Opinion, 11/30/2021, at 5.

We agree with the trial court to the extent that this appeal is not properly before us. As noted above, Proper filed an untimely post-sentence motion and a motion to file that post-sentence motion *nunc pro tunc*. The court did not dismiss the post-sentence motion as untimely. Instead, it entered an order directing the Commonwealth to respond to Proper's post-sentence motion by

providing documentation and argument relating to the restitution within ten days. The court stated that it would rule on the post-sentence motion once those ten days had elapsed. Importantly, that ten day deadline fell outside the period for Proper to file a timely appeal. Because of that timing, and before the Commonwealth's deadline to supplement the record, Proper filed a notice of appeal. Under these circumstances, we conclude that the trial court, despite some possibly intemperate and contradictory language in the heat of addressing a busy schedule, explicitly granted Proper *nunc pro tunc* relief.[1]

This means, in turn, that when Proper filed her notice of appeal, her post-sentence motion remained pending and her judgment of sentence was therefore not yet final or appealable. As this Court previously explained in a case where the appellant also prematurely filed a notice of appeal while his post-sentence motion was still pending:

> If post-sentence motions are timely filed, [ ] the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law. Moreover, the comments to [Pa.R.Crim.P.] 1410 [now Pa.R.Crim.P. 720] explicitly provide that "no direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Application of these authorities convinces us that at the time [the] appellant filed his notice of appeal, the judgment of sentence had not been made final *via* either the disposition of [the] appellant's post-sentencing motions by the

---

[1]We note that if we were to conclude the trial court had not granted *nunc pro tunc* relief, we would be addressing the merits of Proper's challenge to the imposition of restitution on the current record. **See Commonwealth v. Barger**, 956 A.2d 458, 464 (Pa. Super. 2008) (*en banc*) (holding that a challenge to the trial court's authority to impose restitution concerns the legality of the sentence and is therefore non-waivable).

- 6 -

trial court or the entry of an order denying the motions by operation of law.

***Commonwealth v. Borrero***, 692 A.2d 158, 159-160 (Pa. Super. 1997) (citations omitted).

The ***Borrero*** court found that since the appellant's judgment of sentence was not final and the appeal was therefore interlocutory, the Court was required to quash it "[b]ecause we are precluded from exercising jurisdiction over appeals from nonfinal orders or judgments." ***Id.*** at 160. In line with ***Borrero***, we must likewise quash Proper's notice of appeal as interlocutory.[2]

In conjunction with that quashal, we provide the following instructions. The Commonwealth must be afforded the opportunity to comply with the court's order directing it to respond to Proper's post-sentence motion by providing documentation and argument on the restitution challenged by Proper as illegal in her post-sentence motion. The Commonwealth will have ten days to do so, as originally ordered by the trial court. Once those ten days

---

[2] The ***Borrero*** Court went on to note that the trial court may have been under the mistaken assumption, shared by the trial court here, that the appeal divested the trial court of jurisdiction to decide the post-sentence motion. However, as the ***Borrero*** Court found, the appeal did not divest the trial court of jurisdiction under the circumstances of that case. The Court explained this was so because the judgment of sentence was not final, and consequently not appealable, and "a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal." ***Id.*** at 161 n.4.

have elapsed, the trial court may proceed to rule on the post-sentence motion filed by Proper.

Notice of Appeal quashed with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022