J-A01020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANH TUAN LAM, | : | |
| | : | |
| Appellant | : | No. 934 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 14, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003701-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 20, 2026**

Anh Tuan Lam appeals from the judgment of sentence entered after he was convicted of possession of firearm prohibited, firearms not to be carried without a license, and evading arrest on foot.[1]  Because Lam filed his notice of appeal while his post-sentence motion was pending, we quash the appeal as premature.  Additionally, Lam filed a motion to strike the Commonwealth's appellate brief.  We deny Lam's motion to strike as moot.

Police charged Lam based on an incident on May 23, 2023.  Lam moved to suppress evidence, which the trial court denied.  The case proceeded to a non-jury trial.  The trial court found Lam guilty of the above crimes.  On March 14, 2025, the trial court sentenced Lam to an aggregate term of 10 to 20 years of confinement and 1 year of re-entry supervision.

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 5104.2(a), respectively.

On March 20, 2025, Lam moved for reconsideration of his sentence. In his motion, Lam averred that the sentence was excessive and requested the opportunity to present additional information to the sentencing court. The trial court has not ruled on Lam's post-sentence motion for reconsideration.

On March 28, 2025, Lam filed a *pro se* notice of appeal to this Court. Through counsel, he filed an appellate brief challenging the denial of his suppression motion. Subsequent counsel requested oral argument. A panel of this Court granted the request and directed counsel to address whether the appeal should be quashed. Counsel addressed this issue at oral argument.

By rule, a defendant in a court case has a right to file a post-sentence motion, including a motion to modify sentence. Pa.R.Crim.P. 720(B)(1)(a). Generally, a post-sentence motion must be filed within 10 days of the date of sentencing. Pa.R.Crim.P. 720(A)(1). "If the defendant files a timely post-sentence motion," the rule provides that any notice of appeal must be filed within 30 days of the order resolving the motion:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2).

Notably, "No direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720, *Comment*. In such a

case, the judgment of sentence is not final, and the appeal from a non-final order is premature. ***Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013). This principle applies even if the only issue on appeal is suppression—the appeal lies from the judgment of sentence rather than from the order denying the defendant's motion to suppress evidence. ***See Commonwealth v. Pratt***, 930 A.2d 561, 562 n.1 (Pa. Super. 2007). If the defendant moves to withdraw his post-sentence motion, and the trial court enters an order memorializing the withdrawal, then we may reach the merits of an otherwise premature appeal. ***See Claffey***, 80 A.3d at 783. But if there is no order resolving the post-sentence motion, then we will quash the appeal from a non-final order. ***E.g.***, ***Commonwealth v. Borrero***, 692 A.2d 158 (Pa. Super. 1997).

Here, Lam filed a timely post-sentence motion for reconsideration. There is no order resolving this motion, and Lam has not moved to withdraw it. Because Lam filed a notice of appeal while his post-sentence motion was still pending, the appeal is premature. We quash the appeal to allow the trial court to first rule on Lam's motion.[2]

_____

[2] Regarding the time to rule on the motion, ***see Borrero***, 692 A.2d at 161 n.5 (directing that the 120-day period for disposing of the motion would "begin to run anew" when the record is remanded). After a ruling on this motion, if either party wishes to appeal, that party must file a new notice of appeal.

Because the Commonwealth's appellate brief was filed late, Lam moved to strike the brief. Considering our disposition, we deny Lam's motion to strike as moot.

Application to strike denied as moot. Appeal quashed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/20/2026