J-S33020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA LYNN SHEARER, | |
| Appellant | No. 1261 WDA 2015 |

Appeal from the Judgment of Sentence of June 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002907-2014

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

JUDGMENT ORDER BY OLSON, J.:                     **FILED MAY 18, 2016**

Appellant, Melissa Lynn Shearer, appeals from the judgment of sentence entered on June 17, 2015.  We quash.

As our resolution of this case is based solely upon the procedural posture of this matter, we focus on the procedural history of this case.  On November 20, 2014, Appellant was charged via criminal information with simple assault[1] and harassment.[2]  At the conclusion of a bench trial held on April 23, 2015, Appellant was found guilty of both charges.  On June 17, 2015, Appellant was sentenced *in absentia* to an aggregate term of two years' intermediate punishment, including two days' imprisonment.  On July 7, 2015, Appellant filed a post-sentence motion.  On July 28, 2015, the trial

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

* Former Justice specially assigned to the Superior Court

court denied that motion. On August, 11, 2015, Appellant filed the instant notice of appeal.

Appellant presents two issues for our review:

> 1. [Was] the verdict in this case [] against the weight of the evidence . . .[?]
>
> 2. [Was] the sentence in this case [] manifestly excessive and clearly unreasonable. . .[?]

Appellant's Brief at 2 (complete capitalization omitted).

Before we consider the merits of Appellant's issues, we first consider whether the notice of appeal was timely filed. It is well-settled that this Court lacks jurisdiction over untimely appeals and that we have the obligation to raise such jurisdictional concerns *sua sponte*. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014). "[A] notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In criminal cases, the order appealed from is the judgment of sentence. **Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) (citation omitted). However, the 30-day appeal period is tolled by the timely filing of a post-sentence motion. Pa.R.Crim.P. 720(A)(2).

In this case, Appellant's post-sentence motion was untimely. A post-sentence motion must be filed within ten days of the judgment of sentence. Pa.R.Crim.P. 720(A)(1). As the trial court sentenced Appellant on June 17, 2015, and June 27, 2015 fell on a Saturday, her post-sentence motion was

due on Monday, June 29, 2015. Appellant's post-sentence motion was not filed until July 7, 2015.

"If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]" Pa.R.Crim.P. 720(A)(3). However, as this Court stated:

> Under **Commonwealth v. Dreves**, 839 A.2d 1122[ ] (Pa. Super. 2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, the trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

**Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (internal alteration, quotation marks, and citations omitted).

In this case, Appellant failed to satisfy both requirements under **Dreves**. She did not seek permission to file a post-sentence motion *nunc pro tunc* and the trial court did not grant her such permission. Thus, the filing of Appellant's untimely post-sentence motion did not toll the 30-day appeal period. Her notice of appeal was due on or before July 17, 2015 but was not filed until August 11, 2015. Accordingly, her notice of appeal was untimely and we lack jurisdiction over this appeal.

Appeal quashed.

- 3 -

J-S33020-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016