J-A31025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND STANFORD | : | |
| | : | |
| Appellant | : | No. 94 EDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007329-2015

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 07, 2018**

Appellant, Raymond Stanford, appeals from the judgment of sentence entered on November 29, 2016, following his convictions by stipulated bench trial on 31 counts of possession of child pornography, one count of dissemination of photographs, videotapes, computer depictions, and films, and one count of criminal use of a communication facility.[1]  For the reasons that follow, we remand for additional proceedings consistent with this memorandum.

We briefly summarize the facts and procedural history of this case as follows.  On August 30, 2015, a detective with the Internet Crimes Against Children Taskforce Unit intercepted a video file containing child pornography.

_____

[1] 18 Pa.C.S.A. § 6312(d), 18 Pa.C.S.A. § 6312(c), and 18 Pa.C.S.A. § 7512, respectively.

_____

* Former Justice specially assigned to the Superior Court.

A search of internet subscriber records led police to obtain a search warrant for the apartment wherein Appellant resided with his sister and her two children. Police confiscated a laptop computer and desktop computer from the residence. Appellant's identification was found on a small table next to the desktop computer. Appellant claimed that a friend gave him the laptop computer for repair. Subsequent forensic examinations of the two computers revealed 327 videos and 308 images of child pornography. On October 14, 2015, police arrested Appellant. The Commonwealth originally charged Appellant with 52 various crimes related to child pornography.

On June 14, 2016, Appellant appeared for a stipulated non-jury trial. Initially, the Commonwealth moved to amend the criminal information to reduce the total number of criminal counts against Appellant. The trial court entered an order amending the criminal information to include only the aforementioned criminal charges. The trial court then colloquied Appellant regarding his jury trial rights before proceeding to the stipulated bench trial, wherein the Commonwealth entered into evidence digital images, reports, transcripts from prior proceedings, and factual stipulations. On July 8, 2016, the trial court entered its verdict finding Appellant guilty of the crimes as set forth above.

On November 29, 2016, the trial court sentenced Appellant to a consolidated two-and-one-half to eight years of imprisonment for the 31 counts of child pornography, with a consecutive sentence of two-and-one-half to eight years' imprisonment for the one count of

dissemination of photographs, videotapes, computer depictions, and films. The trial court also imposed a consecutive term of four years of probation for criminal use of a communication facility.

Despite the fact that he was represented by counsel, on December 5, 2016, Appellant filed a *pro se* motion for reconsideration of his sentence. In that filing, Appellant complained that his sentence was too harsh and alleged that trial counsel, appointed from the Public Defender's Office, was ineffective for failing to secure a plea deal. On December 14, 2016, counsel from the Public Defender's Office filed a motion to appoint new counsel for Appellant in light of Appellant's ineffectiveness claim. On December 16, 2016, the trial court appointed new counsel, Jordan Reilly, Esquire, to represent Appellant. On December 27, 2016, Appellant filed a *pro se* notice of appeal. On December 28, 2016, counsel from the Public Defender's Office, despite no longer representing Appellant, filed a notice of appeal on behalf of Appellant. On February 10, 2017, the trial court dismissed Appellant's *pro se* motion for reconsideration because "[b]efore the above motion for reconsideration was addressed by [the trial court], former counsel for [Appellant] filed its [n]otice of [a]ppeal to the Superior Court." Order, 2/10/2017, at *1 n.1. Thereafter, although not entirely clear from the record when, Attorney Reilly "asked to be removed as [counsel for Appellant because] she does not handle appellate work." Trial Court Opinion, 4/28/2017, at 5. On February 14, 2017, the trial court entered an order allowing Attorney Reilly to withdraw as counsel for Appellant. On

February 15, 2017, the trial court entered an order appointing Richard Packel, Esquire to represent Appellant on appeal and directed Attorney Packel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 7, 2017, Attorney Packel filed a motion to dismiss Appellant's *pro se* appeal as duplicitous. Our Prothonotary discontinued that appeal. On March 9, 2017, after the grant of an extension, Attorney Packel filed a timely Rule 1925(b) statement. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 28, 2017.

Appellant presents the following issues for our review:

[1.] Did the [trial] court [] err in dismissing [Appellant's] motion for change of counsel without a hearing on the motion?

[2.] Did the [trial] court [] err, procedurally in not considering the statutory provisions of the Sentencing Code as well as the [s]entencing [g]uidelines?

[3.] Did the [trial] court err as an abuse of discretion in imposing that the sentence that it imposed in light of a number of mitigating factors in favor of [Appellant]?

Appellant's Brief at 2 (suggested answers omitted).

Because we have detected procedural errors below, we remand this case to the trial court for additional proceedings. In this case, Appellant was sentenced on November 29, 2016. Appellant had 10 days, or until December 12, 2016, to file a post-sentence motion in order to preserve a challenge to the discretionary aspects of his sentence. **See** Pa.R.Crim.P. 720; 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday […] such day shall be omitted from

the computation."). Appellant filed a timely *pro se* motion for reconsideration on December 5, 2016, despite being represented by counsel. Appellant further alleged that the Public Defender's Office, which represented him at trial, provided ineffective assistance of counsel. However, the trial court did not appoint new counsel to represent Appellant until after the expiration of the 10-day post-sentence motion period. The trial court did not reach the merits of the post-sentence sentence motion and, instead, dismissed the motion, ostensibly because the Public Defender's notice of appeal divested the trial court of jurisdiction. ***See*** Trial Court Order, 2/10/2017, at 1 n.1 ("Before the above motion for reconsideration was addressed by [the trial c]ourt, former counsel for [Appellant] filed its [n]otice of [a]ppeal to the Superior Court."). The record reflects that the Public Defender's Office filed its notice of appeal on Appellant's behalf on December 28, 2016, which was after the trial court already allowed the Public Defender's Office to withdraw from representation and appointed new counsel for Appellant on December 16, 2016. Furthermore, on appeal to this Court, the Commonwealth argues Appellant waived his sentencing claims because "no issue was preserved in a counseled motion for reconsideration and modification of sentence; nor did [Appellant] preserve his claim at the sentencing hearing." Commonwealth's Brief at 10.

As set forth above, Appellant filed a timely *pro se* motion for reconsideration despite the fact that appointed counsel remained attached to the case. *Pro se* filings submitted by counseled defendants

are generally treated as legal nullities. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (internal citation omitted). This Court, however, has also recognized that a counseled defendant may act on his own behalf to protect important rights where counsel remains technically attached to the case, but is no longer serving his client's interest. ***See Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016) (Superior Court required to docket *pro se* notice of appeal filed by counseled litigant). Moreover, our decision in ***Commonwealth v. Leatherby***, 116 A.3d 73 (Pa. Super. 2015) is instructive herein:

> At the time of sentencing, Leatherby's counsel stated that Leatherby could no longer afford his services, and requested that the trial court appoint new counsel. The transcript of that hearing reflects that Leatherby's then-counsel [] agreed to file a post-sentence motion on Leatherby's behalf within ten days of sentencing.
>
> *        *        *
>
> Contrary to his promise at sentencing, [retained counsel] never filed a notice of appeal nor a post-sentence motion to toll the 30–day appeal period, within the first ten days after the sentencing. Furthermore, the court did not appoint new counsel until March 18, 2013, exactly 10 days from the imposition of the sentence. In the interim, on March 15, 2013, Leatherby filed a *pro se* post-sentence motion in order to protect his rights.
>
> *        *        *
>
> It is clear from the sentencing transcripts that there was, at a minimum, confusion as to who would file post-sentence motions on Leatherby's behalf and, indeed, trial counsel failed to file those motions as promised. For its part, the trial court did not appoint new counsel for Leatherby in time to preserve his post-sentence rights. Under the particular circumstances of this case, in which Leatherby was effectively abandoned by

counsel and the trial court failed to timely appoint new counsel, Leatherby's *pro se* filing does not offend considerations of hybrid representation. Leatherby should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court.

*Leatherby*, 116 A.3d at 78–79 (internal citations and footnote omitted).

In this case, Appellant was effectively unrepresented during the 10-day post-sentence motion period. Because Appellant alleged ineffective assistance of counsel in his *pro se* filing, the Public Defender did not act on his behalf. Appointed counsel, however, did not petition for replacement, and the trial court did not act, until after expiration of the filing period under Rule 720. The trial court dismissed Appellant's protective motion to reconsider his sentence once prior counsel from the Public Defender's Office filed a notice of appeal on behalf of their former client. All of these actions amount to an administrative breakdown of the court and Appellant should not be precluded from raising his sentencing issues. As such, we find that Appellant's *pro se* filing did not offend the considerations of hybrid representation. Appellant was denied his right to post-sentence review by the various procedural defects of this case. Consequently, we remand this case to the trial court and direct that it reinstate Appellant's post-sentence rights *nunc pro tunc*, to allow current counsel to file a post-sentence motion on Appellant's behalf for the trial court's consideration. **See Commonwealth v. Borrero**, 692 A.2d 158, 161 (Pa. Super. 1997) ("The interests of justice therefore require that the trial court consider appellant's post-sentencing motions on remand, *nunc pro tunc.*").

Case remanded for additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/18