J-S60014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GILBERT | : | |
| | : | |
| Appellant | : | No. 708 MDA 2018 |

Appeal from the Judgment of Sentence February 6, 2018
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000061-2017

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 13, 2018**

Appellant, Daniel Gilbert, appeals from the judgment of sentence entered on February 6, 2018, in the Court of Common Pleas of Sullivan County. After careful consideration, we quash the appeal and remand for further proceedings.

This appeal stems from charges filed against Appellant for crimes related to his theft of a pickup truck in Cherry Township, Sullivan County, and his eventual disposition of that truck in a Demolition Derby in New York state. Appellant entered a guilty plea to one count of theft by unlawful taking or disposition,[1] a felony of the third degree,[2] on January 17, 2018. On

---

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. § 3903(a.1).

---

* Retired Senior Judge assigned to the Superior Court.

February 6, 2018, Appellant was sentenced to confinement in a state correctional institution for forty to eighty months, was directed to pay the costs of prosecution and a $500.00 fine, and was ordered to make restitution to Progressive Insurance in the amount of $10,648.68. Sentencing Order, 2/12/18, at 1. Appellant was not eligible for a Recidivism Risk Reduction Incentive program minimum sentence due to his prior criminal record.

On February 16, 2018, Appellant filed a timely motion for reconsideration of his sentence. Prior to a ruling on the motion by the trial court, Appellant filed a notice of appeal on March 6, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On August 2, 2018, this Court issued a rule to show cause why this appeal should not be quashed as interlocutory. Counsel failed to file a response. On August 20, 2018, this Court entered an order referring the issue to the merits panel for consideration.

Appellant presents the following issue for our review: "Did the Trial Court commit an abuse of discretion in sentencing [Appellant] to a sentence at the top of the standard range, despite the fact that [Appellant] waived his preliminary hearing and entered a guilty plea in the above-captioned matter?" Appellant's Brief at 4.

"As a preliminary matter, we must first ascertain whether the judgment of sentence is properly appealable, because the question of appealability

implicates the jurisdiction of this court."[3] ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). This Court lacks jurisdiction over non-appealable orders. ***Commonwealth v. Claffey***, 80 A.3d 780, 782 (Pa. Super. 2013); ***see also Commonwealth v. Kennedy***, 876 A.2d 939, 943 (Pa. 2005) (indicating appellate court lacks jurisdiction over non-appealable orders).

The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S. § 742. In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. ***Borrero***, 692 A.2d at 159. Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is final and appealable depends upon whether a defendant files post-sentencing motions.

When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review, and any appeal therefrom must be filed within thirty days of the imposition of sentence. Pa.R.Crim.P. 720(A)(3). If post-sentencing motions are timely

---

[3] We note that the Commonwealth asserts that this Court does not have jurisdiction over this appeal, as it was not final at the time the appeal was filed. Commonwealth's Brief at 1.

filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law. Pa.R.Crim.P. 720(A)(2)(a) and (b). If the motion is denied by operation of law, the clerk of courts shall enter an order reflecting that denial. Pa.R.Crim.P. 720(B)(3)(c). Moreover, the comments to Rule 720 explicitly provide that "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720 cmt.

In this case, the certified record reflects that Appellant was sentenced on February 6, 2018. He thereafter exercised his right to file post-sentence motions on February 16, 2018, within the ten-day period prescribed by Pa.R.Crim.P. 720(A)(1). Once the post-sentence motion was timely filed, the trial court had 120 days in which to decide the motion unless, for good cause shown, a thirty-day extension of time in which to decide the motion was granted. Pa.R.Crim.P. 720(B)(3)(a).[4] If the motion was not decided within 120 days or within the thirty-day extension period, it would have been deemed denied by operation of law. *Id.*

---

[4] Pa.R.Crim.P. 720(B)(3)(a) provides as follows:

(a) Except as provided in paragraph (B)(3)(b) [regarding a 30-day extension of time], the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

Appellant, however, prematurely filed his notice of appeal on March 6, 2018, well before the 120-day period expired and before the trial court ruled on the motion.[5] Although the 120-day period obviously has now expired, thus resulting in the denial of Appellant's post-sentence motions by operation of law, the judgment of sentence has not yet been finalized because an appropriate order has not been duly entered upon the docket. The entry of an appropriate order is a prerequisite to this Court's exercise of jurisdiction. **See Borrero**, 692 A.2d at 159-160 (appeal was premature when filed while post-sentence motion was still pending in trial court); Pa.R.Crim.P. 720(B)(3)(c). We thus cannot regard this appeal as having been filed within thirty days of the date on which the post-sentence motion was denied. In view of these circumstances, we conclude that the instant appeal is from an interlocutory judgment of sentence. Because we are precluded from exercising jurisdiction over appeals from non-final orders or judgments, we are compelled to quash this appeal.[6]

_____

[5] Because the 120th day, June 16, 2018, fell on a Saturday, the 120-day period expired on Monday, June 18, 2018. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004).

[6] Although this Court does have jurisdiction to consider appeals from collateral orders or certain classes of interlocutory orders which are appealable as of right, **see** Pa.R.A.P. 311 and 313, the judgment entered in this case is not appealable pursuant to either of these rules. Moreover, Appellant has not

Furthermore, the fundamental purpose underlying the filing of post-sentence motions is to provide the trial court with the first chance to correct any errors. In this case, the trial court may have been deprived of this opportunity, albeit mistakenly, by virtue of Appellant's premature appeal. As the Court in **Borrero** explained:

> While the reasons underlying the trial court's failure to act on appellant's post-sentencing motions do not appear of record, the trial judge may have been reluctant to proceed based on a mistaken assumption that jurisdiction over this matter was divested by appellant's appeal. However, the appeal did not divest the trial court of jurisdiction in this instance. As previously indicated, the comment to Rule [720] explicitly prohibits the filing of an appeal while post-sentencing motions are pending. The comment further provides that a judgment of sentence does not become final until post-sentencing motions are ruled upon by the trial court or are denied by operation of law. Moreover, a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal. Consequently, appellant's improper appeal did not divest the trial court of jurisdiction to decide appellant's post-sentencing motion or deny it by operation of law.

**Borrero**, 692 A.2d at 161 n.4 (internal citations omitted). Thus, we remand for purposes of the trial court's entry of an order addressing Appellant's post-sentence motion.[7]

Appeal quashed as interlocutory. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

sought permission to pursue an interlocutory appeal in accordance with Pa.R.A.P. 312. Nor is the judgment here appealable under any other rule or statute of which we are aware.

[7] If the trial court intended to allow the motion to be denied by operation of law, the clerk of courts is directed to enter an order reflecting that denial. Pa.R.Crim.P. 720(B)(3)(c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018