J-S18037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MIGUEL ANTHONY RIVERA :
:
Appellant : No. 1324 MDA 2018

Appeal from the Judgment of Sentence Entered July 13, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004576-2007,
CP-36-CR-0005898-2005

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: MAY 3, 2019**

Appellant, Miguel Anthony Rivera, appeals from the judgment of

sentence entered by the Court of Common Pleas of Lancaster County following

the revocation of his probation.   Specifically, Appellant challenges the

discretionary aspects of his sentence.   After careful review, we quash the

present appeal.

The trial court aptly summarizes the pertinent case history:

On November 27, 2007, Defendant [hereinafter "Appellant"] pled
guilty at docket number 5898-2005 to involuntary deviate sexual
intercourse with a person less than sixteen years of age, three
counts of indecent assault of a person less than sixteen years of
age, three counts of aggravated assault of a person less than
sixteen years of age, two counts of statutory sexual assault, and
two counts of corruption of minors.   He was sentenced to an
aggregate sentence of five to ten years of incarceration and a
consecutive five years of probation.

_____
*   Former Justice specially assigned to the Superior Court.

That same day, Appellant pled guilty at docket number 4576-2007 to indecent assault of a person less than thirteen years of age and was sentenced to five years of probation to be served concurrently with the sentence imposed at docket number 5898-2005.[1]

Appellant was paroled three times, beginning as early as November 2014. In June 2015, his parole was revoked for having contact with minors. Parole was again revoked in December 2015 for failing to report for supervision. In September 2016, Appellant again was found to have violated his parole for failing to report for supervision. His prison term subsequently maxed out and his consecutive five years of probation began on July 26, 2017.

On or about March 9, 2018, a *capias* was issued alleging Appellant violated his probation. On May 1, 2018, [the trial court] found Appellant in violation for having contact with a minor, changing his residence without permission, and using cocaine. Following the preparation and receipt of a presentence investigation report (PSI), Appellant's probation was revoked on July 13, 2018 and he was sentenced to an aggregate sentence of one to five years of incarceration in a State Correctional Institution.

Appellant filed a motion to modify his sentence on July 19, 2018 and a notice of appeal on August 10, 2018. Appellant claims his sentence is manifestly excessive and unreasonable and that [the trial court] erred by imposing sex offender conditions.

Trial Court Opinion, 10/5/18, at 1-3.

In his appellate brief, Appellant raises one issue:

Was the trial court's sentence of one (1) to five (5) years of incarceration manifestly excessive under the circumstances and an abuse of the court's discretion?

Appellant's brief, at 4.

Before we may consider the issue identified in Appellant's brief, we must first address whether we have jurisdiction to entertain the appeal. ***See***

_____

[1] Appellant was deemed a sexually-violent predator at this time. ***See*** N.T. 7/13/18, at 10 (recounting Appellant's sentencing hearing of 2008).

***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa.Super. 1997) (permitting appellate court to *sua sponte* examine its jurisdiction). On August 10, 2018, Appellant, acting through the Office of the Public Defender, filed one notice of appeal containing two criminal docket numbers. Prior to that date, however, our Supreme Court handed down its decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) proscribing the practice of filing one notice of appeal containing multiple docket numbers.

Specifically, on June 1, 2018, ***Walker*** announced:

> *in future cases*[, Pennsylvania Rule of Appellate Procedure] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

***Id***. at 977 (emphasis added).[2] This Court has since applied ***Walker*** to quash an appeal where the appellant's *pro se* notice of appeal contained multiple

---

[2] Pa.R.A.P. 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

docket numbers. *See Commonwealth v. Williams*, --- A.3d ----, 2019 Pa.Super. 81 *2 (filed March 20, 2019) (quashing non-compliant notice of appeal filed after *Walker* decision).

In the case *sub judice*, it is undisputed that Appellant filed one notice of appeal containing two docket numbers notwithstanding the prior admonition of the *Walker* decision.[3] In light of this record, we are compelled to quash the present appeal as non-compliant with *Walker*.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2019

---

[3] By order of September 14, 2018, this Court directed Appellant to show cause why the appeal should not be quashed pursuant to *Walker*. Appellant failed to file a response. However, on August 27, 2018, prior to the show-cause order being issued, Appellant and the Commonwealth filed an application to consolidate the appeal; however, as there was only one appeal docket pending in this Court, we denied the application on August 29, 2018.