J-S67044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
          v.   :
  :
  :
DERECK MICHAEL MARTZ   :
  :
        Appellant   :   No. 1528 MDA 2018

Appeal from the Judgment of Sentence Entered March 9, 2018
In the Court of Common Pleas of Montour County Criminal Division at
No(s): CP-47-CR-0000029-2014

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:     **FILED: MARCH 6, 2020**

Appellant, Dereck Michael Martz, appeals from the judgment of sentence entered after a jury convicted him of rape of a child, involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, and indecent assault for actions he committed from age 13 to age 17 against a child under 13 years old. For the following reasons, we remand with instructions to the trial court for further action and retain jurisdiction.

On February 27, 2018, the trial court sentenced Appellant to an aggregate sentence of 12 to 50 years' incarceration. Appellant filed a timely post-sentence motion on March 8, 2018. The trial court docket indicates that a hearing on the motion was scheduled for April 13, 2018. On April 13, 2018, the court conducted the hearing, after which it ordered the parties to file briefs

_____

[*] Former Justice specially assigned to the Superior Court.

on the matters raised within 45 days. At the same hearing, the court also ordered Appellant to register as a lifetime sex offender under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10- 9799.42.

With respect to the briefing schedule, the trial court granted the Commonwealth's request for a briefing extension and set a new date of June 12, 2018. The Commonwealth filed its answer to Appellant's post-sentence motion on that date. The trial court docket, however, does not indicate that the court ruled on Appellant's motion and, after the expiration of 120 days, no order was entered denying the motion by operation of law. Appellant filed the instant notice of appeal on July 31, 2018.

A notice of appeal must be filed within 30 days of the entry of the order being appealed. *See* Pa.R.A.P. 903(a); ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa.Super. 2000). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(A)(2)(a).

A trial court has 120 days to decide a post-sentence motion, and if it fails to decide the motion within that period, the motion is deemed denied by operation of law. When the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. *See* Pa.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b).

Thus, "[i]f post-sentencing motions are timely filed ... the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law." **Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa.Super. 1997). Further, when the 120–day period afforded to the trial court to rule on a post-sentence motion expires, the judgment of sentence is not final for purposes of appeal until an order denying it by operation of law is entered on the docket; this is because "the entry of an appropriate order is a prerequisite to this court's exercise of jurisdiction." **Id.** at 160; **see also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n. 2 (Pa.Super. 2001) (noting that in a criminal action, the judgment of sentence is made final by an order denying post-sentence motions).

Inexplicably, the clerk of courts has never entered an order indicating that Appellant's post-sentence motion was denied by operation of law, as required by Pa.R.Crim.P. 720(B)(3)(c). Accordingly, we remand this case to the trial court. The trial court shall order the clerk of courts to comply with the procedure contained in Pa.R.Crim.P 720(B)(3)(c) within 10 days of the date of this decision, and to provide this Court with a copy of the order entered and an updated docket sheet reflecting the entry of this order on the docket. Once this procedural error has been corrected, we will proceed to the merits of Appellant's appeal.

Case remanded. Jurisdiction retained.