J-S04039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DIEGO RIVERA :
:
Appellant : No. 2784 EDA 2018

Appeal from the PCRA Order Entered August 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013542-2012
CP-51-CR-0013543-2012

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 10, 2020**

Diego Rivera (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we are constrained to quash the appeal.

Because we dispose of this appeal on technical grounds, we need not provide a detailed recitation of the facts underlying Appellant's convictions. Suffice it to say, on the morning of September 1, 2012, Appellant robbed and assaulted Christopher Thompson (Thompson). Later the same day, Appellant attempted to shoot Thompson, but instead shot and killed Kareem Tomlin.

On April 24, 2014, a jury found Appellant guilty, at two separate dockets (CP-51-CR-0013542-2012 and CP-51-CR-0013543-2012), of third-degree murder, aggravated assault, robbery, conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in

Philadelphia, and possession of an instrument of crime. On June 13, 2014, the trial court sentenced Appellant at both dockets to an aggregate term of 30 to 60 years of incarceration.

Appellant filed a direct appeal and this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Rivera*, No. 1963 EDA 2014 (Pa. Super. Oct. 5, 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On August 31, 2017, Appellant filed the instant, timely PCRA petition, *pro se*. On December 14, 2017, the PCRA court appointed counsel. On May 11, 2018, PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 24, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 16, 2018, Appellant filed an untimely response to the PCRA court's Rule 907 notice. On August 21, 2018, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw. This timely *pro se* appeal followed.

Before we can consider the issues Appellant raises in his appellate brief, we must first address whether we have jurisdiction to entertain his appeal. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997) (stating that appellate court may *sua sponte* examine its jurisdiction).

Appellant filed one notice of appeal from the August 21, 2018 order denying his PCRA petition at two criminal docket numbers. Such practice is no longer permitted under our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note. Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. **See, e.g.**, **In the Interest of P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In **Walker**, however, our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." **Walker**, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file

- 3 -

separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." *Id.* at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

Instantly, we must apply *Walker* because Appellant filed his notice of appeal on September 19, 2018, after the *Walker* decision. Appellant only filed one notice of appeal, despite the fact that this appeal is from a single order that resolved issues arising on more than one docket. Our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Because Appellant did not do so, and consistent with *Walker*, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20

- 4 -