J-S11028-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
JENNIFER ANN RHODES   :
  :
Appellant   :   No. 1102 WDA 2019

Appeal from the PCRA Order Entered June 19, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006856-1990,
CP-02-CR-0007595-1990, CP-02-CR-0007599-1990

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:            FILED APRIL 16, 2020

Jennifer Ann Rhodes (Appellant) appeals pro se from the order dismissing her third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we are constrained to quash the appeal.

Because we dispose of this appeal on technical grounds, we need not provide a detailed recitation of the facts underlying Appellant's convictions. Suffice it to say, on January 31, 1990, a jury found Appellant guilty, at three separate dockets (CC Nos. 06856-1990, 07595-1990 and 07599-1990), of first-degree murder, robbery, burglary and receiving stolen property.[1] The trial court immediately sentenced Appellant to life in prison without parole at the first-degree murder count. On April 25, 1991, the trial court sentenced

_____

[1] 18 Pa.C.S.A. §§ 2503, 3502(a), 3701(a)(1), and 3925(a).

Appellant to concurrent terms of 10 to 20 years in prison at the robbery and burglary convictions. No sentence was imposed on the receiving stolen property count. Appellant filed a timely appeal to this Court, which affirmed her judgment of sentence. Commonwealth v. Rhodes, 831 Pittsburgh 1991 (Pa. Super. Dec. 23, 1992) (unpublished memorandum). Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied her petition on September 21, 1993. Commonwealth v. Rhodes, 633 A.2d 150 (Pa. 1993) (Table).

On April 25, 1995, Appellant, acting pro se, filed her first PCRA petition. Counsel was appointed and filed an amended petition on January 16, 1997. On June 27, 1997, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The petition was subsequently dismissed by the PCRA court. Appellant appealed the dismissal to this Court, which affirmed the dismissal order on June 16, 1999. Commonwealth v. Rhodes, 1977 Pittsburgh 1997 (Pa. Super. June 16, 1999) (unpublished memorandum).

On July 26, 2000, Appellant filed her second PCRA petition, seeking to have her collateral rights reinstated to seek review with the Pennsylvania Supreme Court nunc pro tunc. The Commonwealth did not oppose the petition, and on May 11, 2007, the PCRA court reinstated Appellant's collateral appeal rights. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court on June 6, 2007, and our Supreme Court denied

her petition on December 4, 2007. Commonwealth v. Rhodes, 937 A.2d 445 (Pa. 2007) (Table).

No further action occurred until August 28, 2018, when Appellant filed the underlying pro se PCRA petition, her third, in which she attempted to invoke the governmental interference and newly discovered evidence exceptions to the PCRA time-bar. On September 24, 2018, the PCRA court issued Rule 907 notice. The PCRA court formally dismissed Appellant's petition on June 19, 2019. This timely appeal followed.

Before we can consider the issues Appellant raises in her appellate brief, we must first address whether we have jurisdiction to entertain her appeal. See Commonwealth v. Borrero, 692 A.2d 158, 159 (Pa. Super. 1997) (stating that appellate court may sua sponte examine its jurisdiction). Appellant filed one notice of appeal from the June 19, 2019 order denying her PCRA petition at three criminal docket numbers. Such practice is no longer permitted under our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018).

The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note. Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. See, e.g., In the Interest of P.S., 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In Walker, however, our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." Walker, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "the failure to do so requires the appellate court to quash the appeal." Id. at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date Walker was filed. Id.

Instantly, we must apply Walker because Appellant filed her notice of appeal on July 16, 2019, over a year after the Walker decision. Appellant only filed one notice of appeal, despite the fact that this appeal is from a single order that resolved issues arising on more than one docket. Our Supreme Court mandates that Appellant was to file a separate notice of appeal for each

- 4 -

lower court docket number.  Because Appellant did not do so, and consistent with Walker, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2020