J-S04013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JAMES KING | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JAMES KING | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 991 MDA 2020 |

Appeal from the Court of Common Pleas of Union County Criminal Division at No(s):  CP-60-MD-0000127-2020

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                     **FILED MARCH 8, 2021**

Appellant, James King, expressly appeals from no order entered in this case.  We quash this appeal.

The trial court ably summarized the underlying facts of this case:

> On October 8, 2019, Pennsylvania State Police Trooper Zachary Martin filed a criminal complaint against [Appellant], charging him with possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, criminal attempt, and criminal conspiracy.  The charges stemmed from a shipment of methamphetamine by UPS to a residence in Union County, which shipment was intercepted by the state police.
>
> After a preliminary hearing on November 12, 2019, [the magisterial district court] bound all charges over to court.  . . . The Commonwealth *nolle prossed* the charges on July 15, 2020 because the United States took over prosecution of the offenses in the United States District Court for the Middle District of Pennsylvania.  . . .
>
> Meanwhile, on April 6, 2020, [Appellant] filed a private criminal complaint with the Union County District Attorney pursuant to [Pennsylvania Rule of Criminal Procedure] 506.

In his draft complaint, [Appellant] charged Trooper Zachary Martin with two counts of unsworn falsification to authorities and two counts of perjury and several other offenses. The two counts of unsworn falsification related to the criminal complaint and affidavit of probable cause Trooper Martin filed against [Appellant]. The two counts of perjury related to Trooper Martin's testimony at [Appellant's] preliminary hearing and at a co-defendant's preliminary hearing.

The Union County District Attorney took no action on the private criminal complaint. On May 6, 2020, [Appellant] filed an appeal with [the court of common pleas] from the District Attorney's failure to take any action on his private criminal complaint. [The trial court] issued a rule to show cause why [Appellant's] petition should not be granted on the District Attorney. The District Attorney did not respond to the rule.[1]

_____

[1] Within the Commonwealth's brief, the Commonwealth declares that the District Attorney did, in fact, disapprove Appellant's private criminal complaint. The Commonwealth writes:

In response to [Appellant's] request for a private criminal complaint, the District Attorney of Union County, D. Peter Johnson, denied [Appellant's] request on June 22, 2020, and explained his policy as follows:

It is the policy of this office to not approve private criminal complaints from defendants against the affiant/investigating officer(s) where it appears the effort is not supported by credible admissible evidence separate from the defendant's statements, interpretations and arguments especially where that defendant has a long line of convictions for matters *crimen falsi* and is facing legitimate charges for serious felonies.

Commonwealth's Answer to Rule Returnable Regarding [Appellant's] Appeal of Refusal to Answer Criminal Complaint, p. 2.

Obviously, we do not doubt the veracity of the above statement. However, there is no indication that the Commonwealth's "Answer to Rule Returnable"

Trial Court Opinion, 8/17/20, at 1-2 (some capitalization omitted).

On June 30 and July 13, 2020, Appellant filed requests for a hearing regarding his private criminal complaint; however, the trial court did not immediately rule upon Appellant's requests for a hearing.

On July 21, 2020, after Appellant seemingly grew impatient with the trial court, Appellant simply filed a notice of appeal to this Court. The notice of appeal declares that Appellant is not appealing from any order; instead, the notice of appeal declares that Appellant is appealing from "the repeated refusal by the Court to answer his motions for a hearing." Appellant's Notice of Appeal, 7/21/20, at 1.

On July 28, 2020 – or, seven days after Appellant filed his notice of appeal – the trial court an order declaring:

> 1. [Appellant's] request for a hearing filed on June 30, 2020 and second request for a hearing filed on July 13, 2020 are DENIED.
>
> 2. [Appellant's] request for approval of a private criminal complaint is DENIED.

Trial Court Order, 7/28/20, at 1 (some capitalization omitted).

Appellant did not file a notice of appeal following the trial court's final order. We now quash this appeal.

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of

_____

was filed of record, as it is not contained in the certified record and was not docketed in this case.

appealability implicates the jurisdiction of this [C]ourt." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

In the case at bar, Appellant did not file a notice of appeal from any order at all. Indeed, Appellant explicitly refused to wait for the trial court's ruling and simply filed a notice of appeal, not from an order, but from "**the repeated refusal by the Court to answer his motions for a hearing**." Appellant's Notice of Appeal, 7/21/20, at 1 (emphasis added). This is manifestly improper.

We note that, under Pennsylvania Rule of Appellate Procedure 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). In the case at bar, however, Appellant filed his notice of appeal **before** "the announcement of a determination." ***See id.*** To be sure, Appellant filed his notice of appeal seven days before the trial court made any ruling whatsoever in this case. Thus, Rule 905(a)(5) does not apply to this case.

In conclusion, since Appellant has expressly appealed from no order in this case, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2021