J-S44040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY J. SHERFIELD | : | |
| | : | |
| Appellant | : | No. 305 EDA 2024 |

Appeal from the Judgement of Sentence Entered September 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005454-2019

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED JANUARY 23, 2025**

Timothy J. Sherfield ("Sherfield") appeals from the judgment of sentence imposed following his conviction for fleeing or eluding police.[1]  We quash the appeal.

Given our disposition, a detailed factual recitation is unnecessary. Briefly, in 2023, a jury convicted Sherfield of multiple offenses at two separate dockets.  At the instant docket, CP-51-CR-5454, the jury convicted Sherfield of fleeing or eluding police.  At docket CP-51-CR-5453, the jury convicted Sherfield of third-degree murder and related charges.  Prior to trial, the court appointed George Yacoubian, Esquire ("Attorney Yacoubian") to represent Sherfield at both dockets.  Following Sherfield's sentencing at both dockets on September 7, 2023, Attorney Yacoubian filed a timely post-sentence motion

_____

[1] **See** 75 Pa.C.S.A. § 3733(a).

at CP-51-CR-5453. The post-sentence motion bears only the docket number of CP-51-CR-5453 and makes no reference to CP-51-CR-5454.

Notably, Attorney Yacoubian did not file a post-sentence motion at the instant docket at CP-51-CR-5454. Nevertheless, on November 22, 2023, Stephen O'Hanlon, Esquire[2] filed a motion for leave to file a "supplemental" post-sentence motion. Therein, Attorney O'Hanlon incorrectly represented to the trial court that Attorney Yacoubian had filed a post-sentence motion in this matter and that such motion remained pending. *See* Motion for Leave to File a Supplemental Post-Sentence Motion, 11/22/23, at 1. On November 27, 2023, Attorney Yacoubian filed a motion to withdraw from representation. Attorney O'Hanlon thereafter filed a "Supplemental Post-Sentence Motion." On January 12, 2024, the trial court entered an order purporting to grant the motion for leave to file a supplemental post-sentence motion. The trial court did not enter a ruling on either the supplemental post-sentence motion or the motion to withdraw. On January 22, 2023, Attorney O'Hanlon filed a notice of appeal in which he specified that Sherfield was appealing from the September 7, 2023 judgment of sentence.

Pursuant to our appellate rules, an appellant seeking to invoke this Court's jurisdiction must file a notice of appeal within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a).

---

[2] The record is unclear as to how or why Attorney O'Hanlon became involved in this case, given that Sherfield was already represented by court-appointed counsel, Attorney Yacoubian.

- 2 -

Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **See id**. Moreover, where there is a question as to whether this Court has jurisdiction to entertain the appeal, we may raise the matter *sua sponte*. **See id**.

In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the judgment of sentence. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997). However, the filing of a timely post-sentence motion may extend the time in which to file a notice of appeal. With respect to an original sentence, the filing of a post-sentence motion within ten days of the entry of judgment extends the start of the thirty-day period in which a notice of appeal must be filed until an order has been entered deciding the post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) (providing that a written post-sentence motion shall be filed no later than ten days after the imposition of sentence); **see also** Pa.R.Crim.P. 720(A)(2)(a) (providing that, if the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the post-sentence motion). However, if the defendant does not file a timely post-sentence motion, the notice of appeal must be filed within thirty days of the entry of the judgment of sentence. **See** Pa.R.Crim.P. 720(A)(3); **see also Borrero**, 692 A.2d at 159

(explaining that, when an appellant does not file a timely post-sentence motion, "the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence").

In this case, the trial court sentenced Sherfield on September 7, 2023. Therefore, he had ten days, or until September 18, 2023,[3] in which to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1). As Sherfield did not file a post-sentence motion within ten days at this docket, he was required to file a notice of appeal within thirty days of the entry of the September 7, 2023 judgment of sentence, or by October 8, 2023.[4] *See* Pa.R.Crim.P. 720(A)(3) (providing that, if the defendant does not file a timely post-sentence motion, the notice of appeal must be filed within thirty days of the entry of the judgment of sentence); *see also Borrero*, 692 A.2d at 159 (same). However, Sherfield did not file a notice of appeal in this matter until more than four months later, on January 22, 2024. As the notice of appeal

---

[3] *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

[4] *See* 1 Pa.C.S.A. § 1908.

was untimely filed, this Court lacks jurisdiction over the instant appeal, requiring quashal.[5]

Appeal quashed.

---

[5] Attorney O'Hanlon's filing of a motion for leave to file a "supplemental" post-sentence motion on November 22, 2023 is of no moment. First, as explained above, no post-sentence motion was filed by Attorney Yacoubian at this docket; thus, there was no pending initial post-sentence motion to supplement. Second, a trial court retains jurisdiction to modify or rescind a judgment of sentence for thirty days where no appeal has been filed. **See** 42 Pa.C.S.A. § 5505 (providing that "a court upon notice to the parties may modify or rescind any order within [thirty] days after its entry . . . if no appeal from such order has been taken or allowed"). However, where the trial court does not modify or rescind an order within thirty days after its entry, the court loses authority to do so. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 44 (Pa. Super. 2006). Here, as no post-sentence motion had been filed and the trial court did not modify or rescind the September 7, 2023 judgment of sentence within thirty days, the court was without jurisdiction to entertain the motion for leave to file a supplemental post-sentence motion.

Additionally, we are mindful that any petition filed after an appellant's judgment of sentence becomes final should be treated as a PCRA petition where the PCRA could provide for a potential remedy. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). However, in this case, both the parties and the trial court were proceeding under the misapprehension that the judgment of sentence had not become final because a post-sentence motion had been filed and remained pending. As such, the motion for leave to file a supplemental post-sentence motion was not intended by Sherfield to be, nor treated by the trial court as subject to the PCRA. Moreover, given that the relief requested in that filing was to supplement a non-existent motion, the PCRA did not provide a potential remedy. Thus, we decline to view that filing as subject to the PCRA.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/23/2025